[Civ. No. 7778. Third Dist. Apr. 17, 1950.]

EARL WHITLOCK, Petitioner, v. THE SUPERIOR COURT OF SISKIYOU COUNTY et al., Respondents.

Barr & Hammond, Farens & Maxwell and U. S. Balentine for Petitioner.

Fred W. Burton, District Attorney, for Respondents.

ADAMS, P. J.—On arraignment under an information charging a violation of section 501 of the Vehicle Code, petitioner moved to set the information aside on the ground that he had not been legally committed by a magistrate, and had been committed without reasonable or probable cause. The motion was denied and petitioner applied to this court for a writ of prohibition to restrain the trial court from taking any further steps in said action. A copy of the transcript of the proceedings in the magistrate's court was made a part of the petition. We issued an alternative writ to which respondent made no reply, nor any appearance on the hearing.

█ The charge before the committing magistrate was that petitioner had committed "the crime of 501 C. V. C. (and 551 A C.V.C)" and that he "did willfully and unlawfully drive a veh. upon a public highway while under the influence of intoxicating liquor and was then and there involved in an accident causing bodily injury to persons other than himself"; and that he "did also willfully and unlawfully fail to yield right of way to approaching car."

Section 501 of the Vehicle Code under which it is conceded the complaint was based, provides: "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person, is guilty of a felony. . . ."

Petitioner's contention is that the evidence adduced in support of this complaint, which complaint was made by a traffic officer, is insufficient to show that he was under the influence of intoxicating liquor at the time of the accident, and that it entirely fails to show that he did any act forbidden by law or neglected any duty imposed by law in the driving of his vehicle.

The accident occurred at a place called Calor, in front of the Calor Tavern, in Siskiyou County, about 2 a. m. on July 2, 1949. Petitioner was driving a Cadillac car, bound southward. A Mr. Bergeson was driving a Pontiac coupe, bound northward, accompanied by his wife and daughter. All three of the Bergesons were injured when the two cars collided. The *right* front fender and the grille of the radiator of Whitlock's car were damaged, as was the *left* front of Bergeson's coupe.

Officer Daniel, who was called to the scene of the accident

and arrived there some 20 minutes after the accident, testified that on his arrival he saw the Bergeson car on the right side of the road, partly on the shoulder and partly on the pavement. Whitlock's car was in the parking lot of Calor Tavern. Fifteen or twenty other cars were parked there. Daniel testified that Whitlock said he had several drinks during the evening, that he had two at Calor Tavern after the accident. Daniel also said he could smell alcohol on Whitlock's breath, that his speech was somewhat slurred, he didn't seem able to stand up, did not walk straight, and more or less staggered, and in his opinion he was definitely under the influence of intoxicating liquor.

Daniel arrested Whitlock and took him to a Doctor Drader, in Dorris. The latter was the only other witness called. He testified that Whitlock's speech was a little slurred, but coherent, and that he had a fairly strong odor of alcohol; that he seemed to be under the influence of intoxicating liquor, but that he did not "wobble," and he would not say he was intoxicated.

There was no testimony as to how the accident occurred, and the arresting officer apparently drew inferences solely from the condition of the two cars, and from skid marks on the road which were photographed about 7 o'clock in the morning of July 2d. From these he concluded that Whitlock turned eastward across the road toward the Calor Tavern and collided with the Bergeson car in the east lane of the highway. There is no evidence whatever as to the conduct of the driver of the Bergeson car or of its speed. There is no evidence of what was the conduct of Whitlock prior to the collision or that he did anything or neglected to do anything that caused the collision. There is no evidence determinative of who had the right of way, or the location of either car upon the highway when Whitlock began to turn left. Whether or not the accident was at an intersection is not entirely clear, though since the district attorney relied upon sections 550 and 551 of the Vehicle Code which have to do with the obligation of the driver of a car at an intersection, it may be assumed that it was. He called attention to those sections as applicable. Also, in a hypothetical question he asked the prosecuting officer to assume that there was an "intersecting road leading from a business place coming in from the westerly side."

Under section 551 of the Vehicle Code the driver of a vehicle within an intersection intending to turn to the left shall yield

the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver having so yielded and having given a signal when and as required by said code may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the driver making the left turn.

The prosecuting attorney said at the hearing that defendant's conduct was a "matter of neglect of duty," and the charge in the complaint was that he failed to yield right of way to an approaching car; but for all that appears, he may have done all that was required of him under the foregoing section, and it may have been Bergeson's failure to yield the right of way to Whitlock which caused the accident. And the fact that the collision apparently occurred in the east lane of the highway indicates that Whitlock, having already crossed into that lane, had the right of way.

In *People* v. *Levens*, 28 Cal.App.2d 455, 459 [82 P.2d 698] (hearing in Supreme Court denied), a judgment of conviction of a violation of section 501 of the Vehicle Code was reversed, the court saying that the evidence was entirely lacking in the legal requirement that appellant, in addition to being under the influence of intoxicating liquor, either committed any act forbidden by law or neglected to perform any duty imposed by law and that such act or neglect proximately caused the injury of the injured party. And in *In re Ryan*, 61 Cal.App. 2d 310 [142 P.2d 769], this court rendered a similar opinion. In the latter case, as in this one, skid marks upon the pavement were relied upon; but, as was said in *Hawthorne* v. *Gunn*, 123 Cal.App. 452, 455 [11 P.2d 411], "Perhaps there is nothing more certain about an automobile accident than the fact that the visible results afterward are not an infallible guide in determining what occurred."

The conclusion of the arresting and prosecuting officer that Whitlock failed to do something which he should have done is based solely upon inferences; but opposed to such inferences are the presumptions that petitioner took ordinary care of his own affairs, that he obeyed the law, and that he is innocent of crime. (See *In re Whitlach*, 60 Cal.App.2d 189 [140 P.2d 457].)

Assuming, but not deciding, that the evidence was sufficient to show that Whitlock was under the influence of intoxicating

liquor, there was no affirmative showing that he did anything or neglected to do anything that caused the collision, or which act or neglect proximately caused injury to any person. In the absence of such a showing we conclude that he was held to answer without reasonable or probable cause. Let a permanent writ of prohibition issue as prayed.

Peek, J., concurred.