[Crim. No. 3522.   First Dist., Div. One.   Nov. 18, 1958.]

THE PEOPLE, Respondent, v. BILLY RICHARD
CLENNEY, Appellant.

Conrad B. Reisch for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, Keith C. Sorenson, District Attorney (San Mateo), and Clarence B. Knight, Deputy District Attorney, for Respondent.

ST. CLAIR, J. pro tem.*—This is an appeal from a judgment entered on November 13, 1957. The judgment, in its recital, refers to "the judgment of the above entitled Court on the 18th day of October, 1957, finding defendant guilty of a violation of Section 505, subdivision (a) of the California Vehicle Code, a lesser included offense within the crime of violation of Section 501 of the said Vehicle Code, as charged in said information."

Both defendant and plaintiff diligently briefed and earn-

---

*Assigned by Chairman of Judicial Council.

estly argued the pros and cons of whether or not there was sufficient evidence to sustain a conviction of violation of section 505, subdivision (a) of the Vehicle Code. In view of our disposition of this appeal, it is not necessary to detail the evidence or to determine the last posed question. Such facts as may be needed from the record will be set forth.

On the October 18th referred to in the judgment from which this appeal was taken, the following was said orally, from the bench, by the learned trial judge: "THE COURT: I have read the cases cited by both Counsel. While the District Attorney has presented evidence tending to show intoxication, the scientific and expert evidence show that the blood and breath tests in this case were lower than the standards set by the National Safety Council to determine intoxication.

"There is evidence both ways on this question, and it is my duty as Judge under the law to give the benefit of any reasonable doubt to the defendant. I feel that there is reasonable doubt on this question and I also feel that there is reasonable doubt on the question of an unlawful act.

"The fact that the defendant left 47 feet of skid marks shows me he saw the Ochoa car and made an effort to stop, and I think this is relevant evidence he wasn't intoxicated.

"The Ochoa girl has been seriously injured and has a civil action for damages, but this is a criminal action and I must give the defendant the benefit of the doubt.

"I therefore find the defendant not guilty of violation of Section 501 of the Vehicle Code. I do, however, feel that there is evidence showing the defendant was not, at the time of the accident, exercising due care for the safety of other persons on the highway.

"Therefore, I am going to find him guilty of the lesser included offense of reckless driving, namely, 505, subdivision (a) of the Vehicle Code . . ."

■ The rule is well established that oral opinions of the trial judge may be used to interpret, but may not be used to impeach, his order. (*People* v. *Hudson*, 97 Cal.App.2d 572 [218 P.2d 60].)

No mention was made in the order of November 13, 1957, concerning any finding of not guilty of a violation of section 501 of the Vehicle Code. The only order that was made, and the only one before us, is a conviction of section 505, subdivision (a), as a lesser and included crime to that charged in the information, to wit, of section 501 of the Vehicle Code.

The information filed against defendant charged in part as

follows: ". . . Violation, Section 501, Vehicle Code, California, in that on or about the 19th day of May, 1957, in the County of San Mateo, State of California, he did drive a vehicle while under the influence of intoxicating liquor and in so doing did an act forbidden by law, which act proximately caused bodily injury to other persons . . ."

The pertinent portion of said section 501 of the Vehicle Code reads as follows: "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person other than himself is guilty of a felony . . ."

Section 505, subdivision (a) of the Vehicle Code provides in part: "Any person who drives any vehicle upon a highway in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving . . ."

Both defendant and plaintiff argued at length as to whether or not section 505, subdivision (a) of the Vehicle Code is a lesser and included crime within the crime of violation of section 501 of the Vehicle Code. To this we will advert later, but note should be here made of one important item that was not discussed by either side.

The defendant filed a demurrer to the information upon the following ground, among others: "3. In conformity to the provisions of Section 1005 the grounds of objection to the accusatory pleading are distinctly specified as follows: That it does not state nor can it be ascertained therefrom what, if any, act forbidden by law was done by the defendant and that the defendant is not informed by said pleading, nor is he put on notice of what he must be prepared to defend against.

"Wherefore, defendant prays that said information be dismissed or that in the alternative this Court make its order requiring the amendment of said information so that it conforms to law."

The demurrer was overruled. The matter of law raised by the demurrer is properly before this court on this appeal. (3 Cal.Jur.2d, § 89, p. 539.)

*Is driving an automobile while under the influence of intoxicating liquor per se a wilful and wanton disregard for the safety of persons or property?*

The plaintiff's unusual position is that any person who is under the influence of intoxicating liquor and who, while in that condition, operates a motor vehicle is guilty of wilful and

wanton disregard for the safety of persons or property and therefore violates section 505, subdivision (a), *per se.* To support this contention the People cite the accident record of drivers who have been drinking (California Motor Vehicle Traffic Accidents December and Annual, 1957, Statewide) and state that a person is intoxicated within the purview of this section if intoxicating liquor has "so far affected the nervous system, brain or muscles as to impair to an appreciable degree the ability to operate the vehicle in the manner like that of an ordinarily prudent and cautious person in the full possession of his faculties, using reasonable care and under like conditions." (*People* v. *Haeussler,* 41 Cal.2d 252, 261 [260 P.2d 8].) The full and correct quotation is: "Objection is made to the definition of 'under the influence of intoxicating liquor' given in instructions to the jury. They were told that it was unnecessary to find that Mrs. Haeussler was 'drunk' or 'intoxicated'; it would be sufficient if it were found that intoxicating liquor had 'so far affected the nervous system, brain or muscles as to impair to an appreciable degree the ability to operate the vehicle in a manner like that of an ordinarily prudent and cautious person in the full possession of his faculties, using reasonable care and under like conditions.' The degree to which a person must be influenced by alcohol to warrant a conviction under section 501 of the Vehicle Code is correctly stated in the instruction."

In the Haeussler case the Supreme Court went on expressly to disapprove the dicta in *Taylor* v. *Joyce,* 4 Cal.App.2d 612 [41 P.2d 967], and *People* v. *Lewis,* 4 Cal.App.2d Supp. 775 [37 P.2d 752], that " 'under the influence of intoxicating liquor' " is synonymous with " 'intoxicated.' " It did hold, however, that the last named two cases are correct insofar as they hold that a person who is intoxicated is under the influence of intoxicating liquor.

In *People* v. *McGrath,* 94 Cal.App. 520 [271 P. 549], the information charged a violation of section 502 of the Vehicle Code. The jury requested and after some discussion was given permission to bring in a verdict of reckless driving which they did and judgment was entered accordingly. The appellate court reversed this conviction. They reasoned that since the legal definition of the offense of reckless driving is not embraced in the legal definition of the offense of driving while under the influence of intoxicating liquor, it is not a lesser included offense.

Plaintiff has cited *People* v. *Marshall,* 48 Cal.2d 394 [309

P.2d 456]. That court, in a footnote, comments on the Mc-Grath case, stating: "The appellate court correctly holds that the offense of which defendant was convicted was not necessarily included in the offense charged, because a person can drive carefully even though he is under the influence of intoxicating liquor. . . ." (P. 398.)

In *People* v. *Graybehl,* 67 Cal.App.2d 210 [153 P.2d 771] (cited by respondent) the court, at page 216, said: "As above noted, in order to constitute the offense of which appellant was convicted under section 501 of the Vehicle Code, there must be an unlawful act or neglect of legal duty in addition to the unlawful act of driving an automobile while under the influence of intoxicating liquor, and that such additional unlawful act or neglect must be a proximate cause of the bodily injury."

To the same effect, see *Whitlock* v. *Superior Court,* 97 Cal. App.2d 26, where, at pages 29-30 [217 P.2d 158], the court said: "Assuming, but not deciding, that the evidence was sufficient to show that Whitlock was under the influence of intoxicating liquor, there was no affirmative showing that he did anything or neglected to do anything that caused the collision, or which act or neglect proximately caused injury to any person. In the absence of such a showing we conclude that he was held to answer without reasonable or probable cause. . . ."

In *People* v. *Boulware,* 41 Cal.App.2d 268 [106 P.2d 436], the court held that, even assuming the defendant was driving while under the influence of intoxicating liquor, he was entitled to show that he acted as a reasonably prudent person would have acted under the same circumstances. Refusal to give an instruction on imminent peril was held to be reversible error.

Both parties have agreed that there is no substantial difference between the term wilful misconduct as used in the Guest Statute, section 403 of the Vehicle Code, and the term reckless driving as used in section 505 of that code. Section 403 reads in part: ". . . unless the plaintiff in such action establishes that such injury or death proximately *resulted from the intoxication or wilful misconduct of said driver.*" (Emphasis added.)

In *Schneider* v. *Brecht,* 6 Cal.App.2d 379 [44 P.2d 662], the court discusses the terms, wilful misconduct and intoxication, as used in section 141¾ of the Vehicle Act (Veh. Code, § 403) stating: "While the words 'intoxication' and 'wilful

misconduct' are used in the same sentence, and appear to be conjoined, we think that the intent of the legislature was that the wilful misconduct should be something different and apart from the acts and conduct of one whose reckless driving is superinduced by intoxication, that is to say, if the acts of the driver which would be classified as wilful misconduct if not laboring under the influence of intoxicating liquor, when induced and brought about by the use of intoxicating liquor, then and in that case the action is to be regarded solely as the result of drunken driving or driving while one is under the influence of intoxicating liquor. . . . It cannot be that the legislature intended that the very acts upon which a court or jury might properly rely to establish the intoxicated condition of the driver, should relieve the plaintiff, knowing of that condition, from any charge of being equally guilty, and permit an action to be founded upon such acts, by naming the acts 'wilful misconduct.' ''  (P. 384.)

■ Defendant asserts that if wilful misconduct and intoxication were not intended to be one and the same by the Guest Statute then it is reasonable to conclude that the Legislature intended the same result when it enacted sections 501, 502 and 505 of the Vehicle Code.  With this we agree.

Plaintiff's contention that driving an automobile while under the influence of intoxicating liquor is, *per se*, a wanton and wilful disregard for the safety of persons or property is answered in another way in *Christensen* v. *Harmonson*, 113 Cal.App.2d 175 [247 P.2d 956].  There the court directly held that such driving raised a presumption of want or lack of *ordinary care.*

We hold that the crimes of driving an automobile while under the influence of intoxicating liquor and of reckless driving are separate, distinct offenses, established by different evidence.  To drive an automobile while under the influence of intoxicating liquor (as defined by the California courts) is not, *per se*, a wilful and wanton disregard of the safety of persons or property.

*Is section 505, subdivision (a) of the Vehicle Code a lesser included offense in section 501 of the same code?*

■ In order for an offense to be a lesser included offense, it is necessary that each element of the included offense be incorporated into the corpus delicti of the greater offense.  An offense is not lesser included if an additional element is required to those elements included in the greater offense. (Fricke, California Criminal Law, sixth ed., p. 37.)  ■  In

*In re Hess,* 45 Cal.2d 171, 174-175 [288 P.2d 5], the court stated the rule as follows: ". . . 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' [Citations.] . . .

■ "A person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense."

■ The crime of violation of section 501 of the Vehicle Code can be committed without a wilful and wanton disregard for the safety of persons or property. See *Whitlock* v. *Superior Court,* 97 Cal.App.2d 26 [217 P.2d 158], where "the act forbidden by law" in section 501 was pleaded as a violation of section 551 of the Vehicle Code, having to do with rights of way in turning in an intersection. Also, *In re Ryan,* 61 Cal. App.2d 310 [142 P.2d 769], where the "act forbidden by law" was speeding.

It would seem, from the foregoing, that section 505, subdivision (a) cannot be a lesser included offense under the above quoted rule from *In re Hess, supra,* 45 Cal.2d 171. However, this does not dispose of the instant case as there is another way in which a crime can become a lesser included one.

In *People* v. *Marshall, supra,* the Supreme Court held that by naming the major crime in the accusatory pleading, the latter became a lesser included, even though otherwise, under the rule of *In re Hess, supra,* it would not so be. The Marshall case was concerned with the accusatory pleading. The defendant was charged with the offense of robbery (Pen. Code, § 211), the information reading "did willfully, unlawfully, feloniously and forcibly take . . . Seventy Dollars . . . and an automobile . . ." He was convicted of a violation of 503 of the Vehicle Code (theft and unlawful driving or taking of vehicle). The court stated, at page 399: "A person charged simply with robbery 'in the words of the statute describing the offense' would not be charged with and could not be properly convicted of the offense defined by section 503 because the accusatory pleading would not inform the defendant that he must be prepared, at the trial, to contravene evidence that he took a particular kind of personal property, a vehicle. [Citations.]

"Although the statutory definition of robbery does not necessarily include the offense denounced by section 503 of the

Vehicle Code, the particular robbery specifically pleaded in the information here includes all the elements of a violation of section 503 . . .'' (P. 399.)

Further, at page 405, the court said: ''Since the decisions as to included offenses, so far as they relate to choice of a standard to measure what offenses are 'necessarily included' within the meaning of section 1159 of the Penal Code, have not expressly considered or decided the question of selection as between the language of the accusatory pleading and the statutory definition, we base our choice of the specific language of the accusatory pleading upon considerations of fairness to both parties.

''The present situation well illustrates the fairness to both the defendant and the People of using the specific accusatory pleading as a yardstick. Because the information charged defendant with taking 'an automobile,' he was put on notice that he should be prepared to defend against a showing that he took that particular kind of personal property. Because the information charged that the automobile was taken by robbery, defendant was put on notice that he should be prepared to defend against evidence showing the elements of that crime.

''At the trial the prosecutor was able to produce ample evidence that the automobile was taken without the victim's consent, but the evidence concerning the precise circumstances of its taking was somewhat uncertain. It appears that the prosecutor in the diligent and enlightened performance of his trust anticipated that the evidence at the trial might develop in this fashion, and that he was well advised to draw the information in the manner in which it is worded.

''Had the trial been by jury, both parties could and should have been prepared to request instructions concerning the lesser offense of violating section 503 of the Vehicle Code, because violation of that section, even though it was not included in the statutory definition of robbery, was, by the language of the information, a specifically pleaded but not separately stated lesser offense. Such instructions would be given if the evidence were such (as it was here) that the instructions would be applicable (see *People* v. *Carmen* (1951), 36 Cal.2d 768, 772-774 [1-6] [228 P.2d 281]) ; they would be refused if there were not evidence of the lesser offense (see *People* v. *McCoy* (1944), 25 Cal.2d 177, 187 [8a] [153 P.2d 315]).''

If, after the words ''forbidden by law'' in the accusatory pleading, *supra*, there had been added the words ''to-wit, a

violation of section 505, subdivision (a) of the Vehicle Code,'' or similar language, there would be no question that the latter would be a lesser included offense under the rule of the Marshall case.

The defendant was charged substantially in the words of the statute. As a general rule this is permissible pleading. (Pen. Code, § 952; *People* v. *Marshall, supra.*)

However, the ''fairness'' rule laid down by the Supreme Court in the Marshall case raises the question of whether or not a charge in the terms of section 501, that the defendant did an act forbidden by law or neglected any duty imposed by law is sufficient.

*Is section 501 of the Vehicle Code too vague and uncertain?*

■ The general rule is that a criminal statute must be so definite and certain that it gives fair warning, not necessarily with mathematical exactitude, but sufficient to inform a person of ordinary or average intelligence, of what acts or omissions it declares to be prohibited and punishable.

■ As was stated in *Drucker* v. *State Board of Med. Examiners,* 143 Cal.App.2d 702, 709-710 [300 P.2d 197]: ''The law is settled that due process of law requires that *all statutes defining criminal offenses must specifically describe the conduct which is forbidden and must fix an ascertainable standard of guilt.* [Emphasis added.] The terms of such statute must be sufficiently definite so that men of common intelligence will not have to guess at its meaning and will not differ as to its application. It was said in *Connally* v. *General Const. Co.,* 269 U.S. 385 [46 S.Ct. 126, 70 L.Ed. 322, 328-329] :

'' 'That the terms of a penal statute creating *a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties,* is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. . . . [Emphasis added.]

'' ' ''. . . The dividing line between what is lawful and unlawful can not be left to conjecture. The citizens can not be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation. The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue. *Penal statutes prohibiting the*

*doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizen may act upon the one conception of its requirements and the courts upon another."* ' (Emphasis added.)''

The questionable portion of section 501 is that reading ''. . . *any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle. . . .*''

Must the forbidden act or neglected duty be one set forth in the Vehicle Code or will a violation of a city ordinance, the Penal Code or any other law satisfy this requirement? If the only forbidden act is an attempted escape from jail (other than driving under the influence of intoxicating liquor) has the driver violated section 501?

If we are to hold this statute valid the words ''in the driving of such vehicle'' must be construed as limiting the forbidden act or neglected duty to those occurring because of the manner in which the vehicle is being driven.

One of the reasons for the enactment of this statute was to discourage driving while under the influence of intoxicating liquors. The Legislature, to accomplish this result, provided that violations falling within this section would be felonies while, without the additional factor of intoxication, they might only be misdemeanors. This is within their province. (*People* v. *Chatham*, 43 Cal.App.2d 298 [110 P.2d 704].)

However, in achieving this purpose, if the language of the statute is taken literally, *any* act forbidden by law or the neglect of *any* duty imposed by law will supply one of the elements necessary to sustain a conviction of section 501. Does such a statute give sufficient notice of what it purports to forbid?

''The rule that a legislative enactment will be inoperative if the courts cannot give it a definite meaning is especially applicable to criminal cases for the reason that a fair warning should be given in ordinary language of what will be criminal conduct under given circumstances, even though it is not likely that persons will carefully consider the context before violating the statutes. It would be dangerous practice for the Legislature to set out a large enough net to trap all possible offenders and leave it to the courts to say who should be held and who should be set free. Such practice would substitute the courts for the legislative department of government. [Citation.]'' (*People* v. *King*, 115 Cal.App. 2d Supp. 875, 877-878 [252 P.2d 78].)

If a violation of *any* act is sufficient then the conclusion

is inescapable that the statute does not give sufficient notice and fair warning. This result is avoided if the acts are confined to those set forth in the California Vehicle Code.

It is hornbook law that it is the duty of the courts so to construe legislative enactments as to uphold their constitutionality wherever possible. (11 Cal.Jur.2d 384.)

"A statute 'should always be so construed as to give a sensible and intelligent meaning to every part . . . so as to make every provision thereof valid and effective.' (*In re Haines*, 195 Cal. 605 [234 P. 883]) . . . The court is justified in the public interest, in adopting the construction of a statute which favors its constitutionality even if susceptible to either of two constructions." (*People* v. *Steel*, 35 Cal.App.2d Supp. 748, 750-751 [92 P.2d 815].)

We hold that the "any act forbidden by law" or the "neglects any duty imposed by law" in section 501 of the Vehicle Code refers to acts forbidden by the Vehicle Code and to duties imposed by the Vehicle Code.

*Was the instant accusatory pleading sufficient?*

It has been frequently stated that the accused must be given sufficient notice of the nature of the charge against him to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. (*In re Hess, supra*, 45 Cal.2d 171; *People* v. *Robinson*, 107 Cal.App. 211 [290 P. 470].)

Section 952 of the Penal Code provides that an offense may be charged in the words of the enactment describing the offense or in any words sufficient to give the accused notice of the offense of which he is accused.

Here the allegation is that the defendant "did an act forbidden by law." A defendant may be charged with terms of the statute when the statute is sufficient in itself to define the offense. (*People* v. *Steel, supra*, 35 Cal.App. 2d Supp. 748.) It must follow that in cases where a violation of the statute depends on a violation of another section, the statute is in itself not sufficient to define the offense. The offense consists of violating two statutes and both must be set out to be sufficient.

In *People* v. *Mandell*, 35 Cal.App.2d 368 [95 P.2d 704], the court stated that where a statute contains several provisions the violation of any of which is an offense, the statement of the offense should be such as to make the provision relied on apparent.

There is a presumption that the defendant in a crim-

inal case is innocent. An innocent defendant could not determine what offense he was accused of having committed from the information filed in this case. The remaining allegations in the pleading give him no clue as to what act he violated or what duty he neglected. The rule that it is not necessary to set forth in detail the evidence by which the offense charged is to be proven has no effect on this case.

The validity of section 501 can be upheld if the acts and duties referred to in that section are confined to those enumerated in the California Vehicle Code. This would give the public adequate notice of the offense included within the act. If the section includes only provisions of the Vehicle Code, then the rule is that the particular section relied upon to supply the violated act or neglected duty should be pleaded or the complaint is subject to a special demurrer. The defendant would then know what offense he is accused of and would have an opportunity to prepare his defense. This construction upholds the validity of the statute and still gives the defendant notice, if he desires to demur. If the defendant does not demur, the pleading in the terms of the statute would be sufficient under section 952 of the Penal Code.

The judgment is reversed with instructions to the trial court to sustain the special demurrer of the defendant, with such amendatory permission to the People as shall be proper.

Peters, P. J., and Bray, J., concurred.