[No. A019549. First Dist., Div. Three. July 24, 1984.]

In re JAMIL H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMIL H., Defendant and Appellant.

**COUNSEL**

Glenn M. Clark, under appointment by the Court of Appeal, Polly Levin and Withy, Miller, Gerstler & Clark for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Linda Ludlow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SCOTT, J.**—Jamil H., a minor, appeals from a judgment sustaining a petition under Welfare and Institutions Code section 602, which alleged that he had committed a violation of Penal Code section 626.8.

I

The evidence at the jurisdictional hearing established the following. At about 11 a.m., Ronald Solis, assistant administrative principal at Roosevelt Junior High School, went to the school's gym area, after being notified by a gym teacher of the presence of nonstudents. Solis was accompanied by Mrs. Stevenson, a counselor.

They saw appellant Jamil H. and two other youths walking from the gym. When Solis asked Jamil why he was there, the youth replied by using profanity, and threatening to slap the counselor. Solis said he would call police if Jamil didn't leave, and started back to the office. Jamil and his companions eventually left, and Solis did not call police.

That afternoon, right after school was out, Solis again saw Jamil and a companion in the gym area. Solis approached, told Jamil he'd learned his name and called his mother. Jamil again used profanity and was belligerent. Solis called police, and appellant was arrested on the sidewalk in front of the school.

Jamil was not a student at this school, and Solis had not given him permission to be on campus. Solis testified that when class is in session, non-students are not allowed in enclosed school buildings unless they come through the office and receive a pass. However, he did not mention a specific district regulation which so provides.

Jamil testified that he had come to the school to talk with Mr. Green, one of the gym teachers, and that he was just leaving to go home when approached by Solis. He admitted cursing and yelling at Solis. He also admitted returning that afternoon; he claimed he did so to see his nephew, a student there.

II

As amended, the petition alleged that he violated Penal Code section 626.8, a misdemeanor, in that he did "willfully and unlawfully enter a school building and come upon a school ground . . . *without lawful business thereon,* and did interfere by his presence and acts with the peaceful conduct

of the school activities, and did disrupt the school, . . . and did remain thereon and did return for an unlawful purpose within seventy-two hours after being asked to leave . . . ." (Italics added.)

With certain exceptions,[1] the allegations of the petition paralleled the language of Penal Code section 626.8. Subdivision (c)(2) of that section defines "lawful business" as "a reason for being present upon school property which is not otherwise prohibited by statute, by ordinance, or by any regulation adopted pursuant to statute or ordinance."

Among appellant's contentions is that the petition was so vague that it did not give him proper notice of the charge against him; in particular, he contends that the petition failed to state the specific statute, ordinance, or regulation upon which the prosecution intended to rely in order to establish that he initially entered the school ground "without lawful business."

■ "[D]ue process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence at his trial. [Citations.]" *(Sallas* v. *Municipal Court* (1978) 86 Cal.App.3d 737, 742 [150 Cal.Rptr. 543].) Generally a charge or accusation in the words of the statute is sufficient. (Pen. Code, § 952.) However, there is an exception to that rule, when the statute is not sufficient in itself to define the offense. When a statute defines a material element of an offense by a reference to other forbidden acts, the accusatory pleading must be more specific than the statute. In other words, when a violation of a statute depends on a violation of another statute, the language of the first statute is in itself not sufficient to define the offense. The offense consists of violating two statutes, and both must be set out in the accusatory pleading. *(In re Rudolfo A.* (1980) 110 Cal.App.3d 845, 854-855 [168 Cal.Rptr. 338]; *People* v. *Clenney* (1958) 165 Cal.App.2d 241, 253-254 [331 P.2d 696].)

In *Choung* v. *People of State of California* (E.D.Cal. 1970) 320 F.Supp. 625, defendant had been convicted in state court of violating former Penal Code section 602.9, the predecessor of section 626.8. Defendant had been charged in the language of the statute, and demurred on the ground that the

---

[1]The statute is worded in the disjunctive: it provides that a person who comes upon a school ground without lawful business thereon, and whose presence or acts interfere or disrupt, is guilty of a misdemeanor if he or she remains after being asked to leave *or* reenters within 72 hours of being asked to leave. In contrast, the allegations of the petition were in the conjunctive: it alleged that appellant both remained *and* returned for an unlawful purpose within 72 hours. In addition, the prosecution was permitted to amend the petition to add the phrase "for an unlawful purpose" after the word "returned," after the court and the parties agreed that literal application of the statute might prohibit innocent conduct such as returning to report a fire.

complaint failed to notify him adequately of the prohibited conduct. His demurrer was overruled, and he was convicted by a jury. Relying on the principle articulated in *People* v. *Clenney, supra,* 165 Cal.App.2d 241 and other analogous cases, the federal district court granted his petition for habeas corpus. The court held that the pleading failed to give sufficient notice of the charge to withstand scrutiny under due process; the court reasoned that although the purpose for which defendant entered the campus was a crucial element of the offense, the complaint did not aver which statute or regulation, among a potentially infinite number, defendant intended to violate. (*Choung* v. *People of State of California, supra,* 320 F.Supp. at pp. 629-631.)

Respondent argues that appellant failed to raise this precise contention below and should not be allowed to raise it on appeal. ■ By failing to demur, a defendant waives any argument that a pleading couched in statutory language did not give him adequate notice for purposes of trial. (*Lamadrid* v. *Municipal Court* (1981) 118 Cal.App.3d 786, 790-791 [173 Cal.Rptr. 599].) ■ In this case, however, appellant did demur. It is true that his memorandum in support of the demurrer did not focus on this particular issue. In that memorandum, he urged only that section 626.8 was unconstitutional, because it was (1) overbroad, and (2) too vague "for a reasonable person of average intelligence to reasonably understand what conduct is prohibited." Nevertheless, argument at the hearing on the demurrer focused generally on whether the pleading gave adequate notice of what misconduct was alleged, and the court's attention was specifically directed to the federal district court's decision in *Choung* v. *People of State of California, supra,* 320 F.Supp. 625. Accordingly, appellant did not waive this issue.

Respondent also argues that a violation of Penal Code section 626.8 does not require actual commission of a second offense; that to disrupt the conduct of school activities is a "violation of the law"; and that when an individual comes onto a school ground for the purpose of interfering or disrupting, he is "without lawful business." While those assertions may well be true, they do not respond to the issue: whether the accusatory pleading gave appellant notice of what the People intended to prove to establish that he entered the school ground "without lawful business." *People* v. *Horton* (1970) 9 Cal.App.3d Supp. 1 [87 Cal.Rptr. 818], upon which respondent relies, is of no assistance in this regard; that case involved the constitutionality of the statute and the sufficiency of the evidence, not the adequacy of the accusatory pleading.

. ■ The charge in the pleading that appellant entered the school building and came upon the school ground without lawful business thereon failed to

advise him adequately of the charge against him. It did not inform him in any manner of the statute or ordinance or regulation which he allegedly entered for the purpose of violating. Therefore appellant's demurrer should have been sustained on this ground[2] with leave to amend; the adjudication must be reversed. (See *In re Rudolfo A., supra,* 110 Cal.App.3d at p. 857.) In light of this conclusion, it is unnecessary to consider appellant's other contentions.

The judgment or order is reversed. The cause is remanded and the trial court directed to sustain the demurrer with leave to amend to cure the defect discussed in this opinion.

White, P. J., and Barry-Deal, J., concurred.

---

[2]The demurrer was sustained for the limited purpose of allowing the prosecutor to amend by adding the words "for an unlawful purpose" after the word "returned." The court rejected appellant's other arguments, and that amendment did not cure the fundamental defect in the complaint.