Filed 10/7/24  In re E.B. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re E.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. E.B., Defendant and Appellant. | F087178 (Super. Ct. No. 22JL-00070-A) **OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

The People filed a juvenile wardship petition alleging E.B. (appellant) committed forcible rape of a minor 14 years of age or older. (Pen. Code, §§ 261, subd. (a)(2), 264, subd. (c)(2).)[1] At the jurisdictional hearing, after the presentation of evidence and closing arguments, the People moved to amend the petition to add a second count of misdemeanor unlawful sexual intercourse with a minor. (§ 261.5, subd. (b).) Defense counsel did not object and agreed that "the evidence would support that [c]ount." After granting the People's motion, the juvenile court found the misdemeanor unlawful sexual intercourse allegation true but found the forcible rape allegation not true.

On appeal, appellant contends the juvenile court abused its discretion in granting the People's motion to amend the wardship petition. We conclude appellant forfeited the claim by failing to object, and that no error occurred because appellant consented to the amendment. We also reject appellant's ineffective assistance of counsel claim because the record shows defense counsel had a rational tactical purpose for consenting to the amendment. We affirm.

## BACKGROUND

The Merced County District Attorney's Office filed a juvenile wardship petition alleging appellant committed forcible rape (§ 261, subd. (a)(2)), with the additional allegation that the victim was a minor 14 years of age or older (§ 264, subd. (c)(2)). The victim was 15 years old at the time of the alleged offense. Appellant was 14 years old.

At the jurisdictional hearing, the victim testified she met appellant in middle school. They started hanging out sometime in 2021. In February 2022, she met appellant at a park. After talking for a while, she invited appellant to her house to watch a movie. They started kissing, which made the victim feel uncomfortable. Eventually they began having sex. At one point, the victim told appellant to "stop," and that she did not "want

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2.

to do this." Appellant stopped and left the victim's house soon after. The victim did not tell appellant to leave. The victim testified she was "okay" with what happened.

Over the next week or so, appellant and the victim sent each other several text messages. Appellant asked the victim, "When I did it, was I bad?" The victim replied, "No. I just have a lot on my mind." Appellant also texted the victim that he loved her and asked her to be his girlfriend. The victim told appellant that she loved him too, but that they "should wait a few weeks until we make it official."

A few weeks later, the victim invited appellant over to her house a second time. The victim could not remember if anyone else was home, but testified she had appellant sneak in through her bedroom window.

While lying down and watching a movie, appellant reached over and tried to touch her "private area." The victim moved appellant's arms away and told him, "I don't want to." Appellant stopped, but then a few minutes later, appellant tried to touch her again, and she moved his hand away and told him "the same thing." At some point, appellant took the victim's shorts off, got on top of her, and put his "private" inside of hers. The victim started crying. She testified she did not say anything to appellant because she felt "stuck," and believed she had already made it clear that she did not want to have sex with him. After about a minute, she pushed appellant off her, but he had already ejaculated. Appellant told the victim he was "sorry." The victim told appellant to leave, and he did.

The victim testified she did not tell anyone about the incident for several weeks. In April 2022, she told another student about it, then was asked about the incident by an associate principal. Other students at school found out about the incident, which made her feel "weird."

An officer met with the victim, and she provided a written statement because she did not feel comfortable talking about it. The statement was not admitted into evidence, but the officer summarized the statement in court. In the statement, the victim wrote that appellant visited her on Valentine's Day and tried to touch her in a way that made her feel

3.

uncomfortable, but they did not have sex. On February 22, 2022, appellant went to her house and tried to touch her again. She told appellant "don't touch me" and kept removing his hands. She wrote that appellant got on top of her and ejaculated after 10 seconds.

J.V., a student at appellant's school, testified he was friends with appellant, and that he briefly dated the victim during their freshman year of high school. Sometime after the alleged rape, appellant texted J.V. the following:

> "[N]**** if u finna be mad n switch up then Alr go ahead I didn't mean to 'rape' her or go to far in that moment it was jus a horny ass moment I should've never did [anything] my bad but if u wanna switch up n be mad then go ahead bruh … I'm jus sayin [because] ion gonna deal with the side convos y'all n***** havin behind my back n like not tellin me shit [because] it honestly annoying asf so jus lmk if u finna switch up.

> "I get why u feel the way u do n shii n I see why u finna be mad and idk what the screen shots show but my bad didn't mean [anything] nor to 'rape' her once again my bad.

> "[A]nd if u can, or if u want to. Can you apologize to her for me. Or would u want me to do it my self."

J.V. explained that appellant was upset with him because they had been friends since middle school and he "switched up on him for a girl." He also testified they had another friend who had tried to fight appellant over what happened with the victim.

Appellant testified he met the victim during middle school, and they exchanged phone numbers and started texting. In February 2022, the victim invited appellant to her house. While watching a movie, they started making out, then had sex. According to appellant, the victim never told him "no" or pushed him away. She did not seem upset after they finished.

Over the next several days, appellant and the victim continued to communicate via text message, and the victim invited him over again. The victim had appellant sneak in through her bedroom window and told him to be quiet because her family was home.

4.

They started watching a movie, then had sex. Appellant testified the victim never said or did anything that made him believe she was uncomfortable.

After the second incident, appellant and the victim continued to text, but the victim eventually stopped responding to him.

Appellant testified that his text messages with J.V. were in response to J.V. confronting him about what happened with the victim. He explained he wanted to "clear the air" with his friend, and that he put "rape" in quotes because he was trying to explain that he did not rape the victim. He reiterated that he cared about the victim and wanted her to be his girlfriend.

During closing argument, defense counsel argued the evidence showed appellant and the victim had consensual sexual intercourse, and thus, the People had failed to prove the forcible rape allegation.

Following closing arguments, the juvenile court stated, "Counsel, can I speak with you in chambers briefly?" According to the reporter's transcript, there was "a brief off-of-the record discussion." When the court and parties went back on the record, the following exchange occurred:

> "[DEPUTY D.A.]: Before the Court makes its decision, the People request that the Court make a—that the People be allowed to amend the complaint to include a [section] 261.5.
>
> "THE COURT: That would be to amend Count 1?
>
> "[DEPUTY D.A.]: To add an additional Count, Your Honor.
>
> "THE COURT: Okay. It's actually only one Count. So add a Count 2?
>
> "[DEPUTY D.A.]: Yes, Your Honor.
>
> "THE COURT: A [section] 261.5?
>
> "[DEPUTY D.A.]: Uh-huh.
>
> "THE COURT: I believe that's a misdemeanor.

"[DEFENSE COUNSEL]: Yeah. 261 –

"THE COURT: Is the matter submitted, counsel?

"[DEFENSE COUNSEL]: Yeah. Just for clarification, [section] 261.5[, subdivision] (b) states any person engages an act of unlawful sexual intercourse with a minor who is not more than three years older or three years younger, is guilty of a misdemeanor. I believe that the evidence would support that Count.

"THE COURT: All right. Is the matter submitted?

"[DEFENSE COUNSEL]: Yes.

"[DEPUTY D.A.]: Submitted, Your Honor."

The juvenile court found true the amended unlawful sexual intercourse with a minor allegation (§ 261.5, subd. (b)) but found not true the allegation of forcible rape of a minor 14 years of age or older. (§§ 261, subd. (a)(2), 264, subd. (c)(2).)

At the disposition hearing, the juvenile court placed appellant on probation for a term of six months pursuant to Welfare and Institutions Code section 725, subdivision (a).

## DISCUSSION

I.    **Appellant's Claim That the Trial Court Erred In Granting the People's Motion to Amend the Wardship Petition Is Forfeited. In Any Event, the Trial Court Did Not Abuse Its Discretion Because Appellant Consented to the Amendment. Defense Counsel Was Not Ineffective for Failing to Object.**

Appellant's primary claim on appeal is that the juvenile court abused its discretion in granting the motion to amend the wardship petition, arguing that amendment during the jurisdictional hearing was improper because unlawful sexual intercourse (§ 261.5, subd. (b)) is not a lesser included offense of forcible rape of a minor 14 years of age or older. (§§ 261, subd. (a)(2), 264, subd. (c)(2).) He argues the amendment violated his right to due process and adequate notice of the charges against him. (See *In re Robert G.* (1982) 31 Cal.3d 437, 442–443.) He seeks reversal of the juvenile court's true finding on the unlawful sexual intercourse allegation and dismissal of the petition.

We conclude the claim is forfeited because appellant did not object to the People's motion to amend. In any event, the trial court did not abuse its discretion because appellant consented to the amendment. We also reject appellant's assertion that defense counsel was ineffective for failing to object to the motion to amend, because defense counsel had clear tactical reasons for agreeing to the amendment.

### A. Standard of Review.

Amendments of juvenile wardship petitions are governed by the Code of Civil Procedure. (Welf. & Inst. Code, § 678; *In re Man J.* (1983) 149 Cal.App.3d 475, 480–481; Cal. Rules of Court, rule 5.524(d).) Under its provisions, a trial court has discretion, after notice to the adverse party, to allow, "upon any terms as may be just," an amendment to a pleading. (Code Civ. Proc., § 473, subd. (a)(1).) However, the court's ability to amend a wardship petition is still limited by "the same due process rights of notice and opportunity to defend [that] apply in criminal proceedings." (*In re Man J.*, *supra*, 149 Cal.App.3d at p. 481, citing *In re Robert G.*, *supra*, 31 Cal.3d at p. 442 and *In re Arthur N.* (1976) 16 Cal.3d 226, 233–234, superseded by statute on other grounds as stated in *John L. v. Superior Court* (2004) 33 Cal.4th 158, 185–186.) For this reason, amendment of a wardship petition "is strictly limited once a minor has entered a plea of not guilty." (*In re A.L.* (2015) 233 Cal.App.4th 496, 500.) "[A]bsent the minor's consent, amendment during a contested hearing is only appropriate if an offense is ' "necessarily included" ' in the offense actually charged or is ' "a lesser offense which, although not necessarily included in the statutory definition of the offense, is *expressly pleaded* in the charging allegations." ' " (*Ibid.*; see *In re Robert G.*, *supra*, 31 Cal.3d at pp. 442–445.)

We review a juvenile court's order permitting amendment of a wardship petition for an abuse of discretion. (*In re A.L.*, *supra*, 233 Cal.App.4th at p. 500.) An exercise of discretion must be guided by applicable legal principles. (*David v. Hernandez* (2014) 226

7.

Cal.App.4th 578, 592.) An abuse of discretion is present if a court's decision rests on an error of law. (*People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 755.)

**B.**      ***Appellant consented to the amendment. Accordingly, the claim is forfeited, and the trial court did not abuse its discretion in granting the motion to amend.***

As a threshold matter, respondent contends appellant forfeited the instant claim by failing to object below. We agree.

Generally, "a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "Considering an issue for the first time on appeal is often unfair to the trial court, unjust to the opposing party, and contrary to judicial economy because it encourages the embedding of reversible error through silence in the trial court." (*In re M.H.* (2016) 1 Cal.App.5th 699, 713–714.)

Where an accusatory pleading is "amended at trial to charge an additional offense, and the defendant neither objects nor moves for a continuance, an objection based on lack of notice may not be raised on appeal." (*People v. Toro* (1989) 47 Cal.3d 966, 976, disapproved on another ground in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3; see *In re Jamil H.* (1984) 158 Cal.App.3d 556, 560 [failure to demur on ground that accusatory pleading did not provide adequate notice forfeits the claim on appeal].) Appellant did not object to the People's motion to amend the wardship petition. Accordingly, the claim is forfeited.

Assuming arguendo that forfeiture is inapplicable, we reject appellant's claim on the merits because he consented to the amendment. As noted above, a juvenile court may amend a wardship petition during a jurisdictional hearing if the minor consents to the amendment, even if the amended allegation is not a lesser included offense or was not

otherwise expressly pleaded in the wardship petition. (*In re Robert G.*, *supra*, 31 Cal.3d at pp. 442–445, *In re A.L.*, *supra*, 233 Cal.App.4th at p. 500.) Here, when asked to respond to the proposed amendment, defense counsel agreed that the evidence supported the amended allegation, then submitted on the motion. Given this clear indication of consent, the trial court did not abuse its discretion in granting the motion.[2]

Appellant argues there is no evidence that he consented to the amendment. However, whether he personally consented is not relevant. "In general, it is well established that the power to control judicial proceedings is vested exclusively in counsel. [Citations.] It follows that '[e]xcept where representation by counsel is so ineffective that it can be described as a "farce and a sham" [citations], an attorney may ordinarily waive his client's rights ….' [Citation.]" (*Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781; see *People v. Williams* (1970) 2 Cal.3d 894, 905.)

Defense counsel's agreement to the amendment was not a "farce and a sham." The victim testified appellant took off her shorts and had intercourse with her after she repeatedly pushed his hands away from her privates and told him she did not want to engage in sexual activity. The offense of forcible rape only requires that the perpetrator use " 'physical force of a degree sufficient to support a finding that the act of sexual intercourse was against the will of the [victim].' " (*People v. Griffin* (2004) 33 Cal.4th 1015, 1023–1024; see *People v. Barnes* (1986) 42 Cal.3d 284, 297–302 [victim need not resist].) Thus, the victim's testimony, if believed by the finder of fact, would have supported a forcible rape conviction. Having heard the victim's testimony, defense counsel made the apparent tactical decision to agree to the amendment, electing to give

---

[2] In their appellate briefs, the parties address at length whether the amendment would have been proper absent appellant's consent. Specifically, they disagree as to whether unlawful sexual intercourse with a minor is a lesser included offense of forcible rape of a minor. Because we conclude appellant consented to the amendment, we need not resolve this issue.

9.

the juvenile court the option of sustaining only the lesser allegation of misdemeanor unlawful sexual intercourse, rather than forcing an all-or-nothing choice. (See *People v. Le* (1995) 39 Cal.App.4th 1518, 1523; *People v. Birks* (1998) 19 Cal.4th 108, 119.) This mitigated the risk the juvenile court would find appellant committed forcible rape, a felony offense carrying much more significant legal consequences.

In any event, appellant's assertion that he did not consent to the amendment is not supported by the record. "[O]n appeal a judgment is *presumed* correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881, italics added; see *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Appellant has not met this burden. Defense counsel plainly consented to the motion to amend the wardship petition. There is no contrary evidence suggesting appellant did not agree to the amendment, and that defense counsel acted contrary to his client's position.

Appellant argues his lack of consent to the amendment is shown by his rejection of the People's pre-hearing offer to allow appellant to resolve the matter by admitting an unspecified misdemeanor offense. He claims that when the juvenile court asked to speak to counsel in chambers, a "strong inference" can be drawn that the court informed the parties it was leaning toward finding the forcible rape allegation not true but was reluctant to allow appellant to escape any consequences. Appellant suggests that the court and counsel engaged in a "scheme" to allow the prosecutor to add the misdemeanor unlawful sexual intercourse allegation to force a de facto resolution to the case, even though appellant had maintained he did nothing wrong.

These assertions are unsupported by the record. The in-chambers discussion occurred off-record, and it would be improper for this court to speculate as to what was discussed. (See *People v. Deere* (1991) 53 Cal.3d 705, 721; *People v. Gray* (2005) 37 Cal.4th 168, 230.) There is no evidence that the court and counsel engaged in a

"scheme" to force a resolution, or that the amendment occurred without appellant's consent.

We also decline to speculate as to the minor's reasons for rejecting the People's pre-hearing offer to admit an unspecified misdemeanor offense. The offer was extended and rejected before the jurisdictional hearing, prior to the presentation of evidence and testimony of witnesses. Appellant's decision to agree to the amendment and effectively concede the amended misdemeanor unlawful sexual intercourse allegation may have been motivated by his assessment of the evidence presented. For this reason, appellant's pre-hearing decision to reject the People's offer does little to persuade us that he did not consent to the mid-hearing motion to amend the wardship petition. We therefore conclude the record establishes appellant consented to the People's motion to amend, and the trial court did not abuse its discretion in granting it.

### C.     *Appellant has not demonstrated ineffective assistance of counsel because defense counsel had apparent tactical reasons for agreeing to the amendment.*

Appellant contends defense counsel was ineffective for consenting to the amendment and failing to advise him that he could object to the motion to amend. According to appellant, defense counsel failed to inform him that the juvenile court purportedly stated in chambers it was inclined to find the forcible rape allegation not true, and failed to advise him that he could object to the motion to amend, and that the court could not amend the wardship petition without his consent. Appellant claims that if he had been properly advised by defense counsel, he would have objected to the motion to amend and prevented the People from adding the unlawful sexual intercourse allegation. Because the juvenile court had purportedly indicated it would not sustain the forcible rape allegation, appellant claims he would have received an outright acquittal.

To prevail on an ineffective assistance of counsel claim, the claimant must establish counsel's performance fell below an objective standard of reasonableness, and

11.

that prejudice occurred as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688.) The defendant has the burden of showing both deficient performance and resulting prejudice. (*People v. Lucas* (1995) 12 Cal.4th 415, 436.) "Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation] and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " (*Id.* at pp. 436–437.)

Preliminarily, we observe appellant's claim that he was not properly advised by defense counsel is unsupported by the record. As we have explained, our review on direct appeal is limited to the appellate record, and thus, we have no way of determining whether appellant was properly advised off-record. For this reason, the type of ineffective assistance of counsel claim appellant raises here is more appropriately raised in a habeas corpus proceeding where the reviewing court can consider factual matters outside of the appellate record. (*People v. Wilson* (1992) 3 Cal.4th 926, 936; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) Moreover, in the absence of contrary evidence, we presume defense counsel competently performed his or her duties (*Strickland v. Washington*, *supra*, 466 U.S. at p. 689; *Conservatorship of Mary K.* (1991) 234 Cal.App.3d 265, 272.) Appellant has not met his burden of establishing ineffective assistance of counsel on this basis.

Similarly, there is no evidence the juvenile court indicated it was inclined to find the forcible rape allegation not true. The in-chambers discussion occurred off-record, and without additional evidence, we have no basis to conclude what was said during that discussion. Appellant's assertion that a "strong inference" can be drawn that the juvenile court told the parties it was leaning toward not sustaining the forcible rape allegation is purely speculative.

Based on the record before us, we conclude appellant has not shown defense counsel was ineffective for consenting to the amendment. Rather, it appears to have been a sound tactical decision that benefitted appellant. When the People moved to amend the

wardship petition, appellant was still in jeopardy of being found to have committed forcible rape. As we explained above, the victim's testimony, if found credible, would have supported such a finding. We recognize there was evidence that supported appellant's theory that the sexual intercourse was consensual. But at the time the People made the motion to amend, it was unclear how the trial court would find on the forcible rape allegation. (See *Strickland v. Washington*, *supra*, 466 U.S. at p. 689 [performance of counsel is evaluated from counsel's perspective at the time of the challenged conduct].) By agreeing to the amendment, defense counsel gave the juvenile court the option of finding true a less severe allegation. Ultimately, it appears this tactical decision produced the desired outcome—the trial court found the misdemeanor unlawful sexual intercourse allegation true and found the forcible rape allegation not true.

On direct appeal, an ineffective assistance of counsel claim will be sustained "only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission." (*People v. Fosselman* (1983) 33 Cal.3d 572, 581.) Appellant has not met this burden. Accordingly, appellant fails show defense counsel's representation "fell below an objective standard of reasonableness." (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 687–688.)

## DISPOSITION

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:


MEEHAN, J.


DE SANTOS, J.

13.