Filed 4/19/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In Re Curtis S., a Person Coming Under the Juvenile Court Law. | |
| | D062081 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM230237) |
| v. | |
| CURTIS S., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti and Browder Willis, Judges. Affirmed.

Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Theodore M. Copley, Deputy Attorneys General, for Plaintiff and Respondent.

The District Attorney filed a petition in the juvenile court accusing Curtis S. (Minor) of petty theft (Pen. Code,[1] § 484; count 1) and assault (§ 240; count 2). (Welf. & Inst. Code, § 602.) It was further alleged the Minor disturbed another person by loud and unreasonable noise (§ 415, subd. (2); count 3) and used offensive words in a public place (§ 415, subd. (3); count 4).

Following a contested jurisdictional hearing, the court found the allegations as to counts 1 through 3 to be true and dismissed count 4. The Minor was declared a ward of the juvenile court and placed on probation.

The Minor appeals, contending for the first time on appeal there is insufficient evidence on count 3 that his speech created a clear and present danger of immediate violence, and thus the true finding on the count of disturbing another person with noise must be reversed for violation of his First Amendment rights. As to count 3, we find no such constitutional violation and the evidence supports the true findings. No arguments are made on appeal to challenge the true findings on counts 1 and 2, so we do not address those counts here. Accordingly, we affirm the judgment of the juvenile court.

STATEMENT OF FACTS

At the jurisdictional hearing, 14-year-old Jeffrey M. (Jeffrey) testified that around 3:47 pm on September 19, 2011, he was sitting outside his high school when class was over, doing his homework, with his phone lying on his lap. As he was sitting, the Minor ran up, grabbed Jeffrey's phone off his lap, said "thanks for the phone," and ran down the

---

[1] Statutory references are to the Penal Code unless otherwise specified.

2

road.  As the Minor ran down the road, Jeffrey chased after him and yelled, "that guy stole my phone."

Ana Lara also testified at the jurisdictional hearing.  She stated she was driving by at the time, saw the Minor running, and heard someone yell "that boy just stole my phone."  Lara did a U-turn and stopped her car in the Minor's path.  She got out, confronted the Minor on the street by a swimming pool, and told him to give the phone back.  The Minor claimed he did not have the phone and said he threw it near a construction site.  During the conversation, the Minor became very angry and used profanity, calling Lara a "bitch" several times.  Lara grabbed the Minor's wrist to detain him, but he jerked his hand away.  He told her, "get back, you better get back.  Step back."  Lara heard the Minor call someone on his own cell phone and say, "you better get this lady, because I'm about to."  The Minor then swung at Lara with his hand in a fist and Lara backed away, as she was afraid.

Denise Freeman, a witness to the confrontation between the Minor and Lara, also testified at the hearing.  Both Jeffrey and Freeman said the Minor's behavior appeared to be very aggressive towards Lara, and his voice had an offensive and loud tone.  Freeman heard the Minor direct profanity at Lara.  Freeman testified Lara appeared upset and fearful and that Lara backed away from the Minor when he moved toward her.

During the confrontation, Jeffrey called the police to report the Minor's taking of his cell phone.  Officer Gary Marshall testified at the hearing that when he arrived, the Minor appeared upset and was flailing his arms up and down.  Marshall said that the

3

Minor was using the " 'f' word" and the " 'n' word" quite a bit in an excited and agitated tone. The Minor was then taken to the police station.

Following a dispositional hearing, the Minor was placed on probation. He now appeals.

DISCUSSION

I

*THE MINOR'S FIRST AMENDMENT CLAIM HAS BEEN FORFEITED*

On appeal, the Minor claims insufficient evidence supports the true finding on the count of disturbing another person by loud and unreasonable noise. He argues the purpose of his speech was to communicate and the speech is protected by the First Amendment. The Minor relies on *In re Sheena K.* (2007) 40 Cal.4th 875, for the proposition the claim is a pure question of law, easily addressed without reference to particulars in the sentencing record, and may be raised for the first time on appeal. We disagree.

As the United States Supreme Court recognized in *United States v. Olano* (1993) 507 U.S. 725, 731, " '[n]o procedural principle is more familiar . . . than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*Ibid.*)

The present appeal, rather than involving a pure question of law, requires a fact-based analysis to determine whether the speech was predominantly communicative, or whether it presented a clear and present danger of imminent violence and was a guise for disruption. (See *In re Brown* (1973) 9 Cal.3d 612, 621.) There is no reason apparent in this record to excuse the Minor's failure to raise this constitutional claim at his jurisdictional hearing. The Minor was represented by counsel at the hearing. If he felt the evidence was insufficient to find his speech created a clear and present danger of immediate violence rather than being merely communicative, he could have objected to the admission of that evidence and the experienced juvenile court judge could have addressed the issue. This type of objection must be raised at trial if it is to be cognizable on appeal, and we would be justified in treating the challenge as waived. We exercise our discretion, however, to address its merits.

II

*THE JUVENILE COURT PROPERLY FOUND THERE WAS SUFFICIENT EVIDENCE THE MINOR'S SPEECH CREATED A CLEAR AND PRESENT DANGER OF IMMEDIATE VIOLENCE*

A. Applicable Legal Principles

Where an appeal arguably implicates First Amendment interests, "a reviewing court should make an independent examination of the record . . . to ensure that a speaker's free speech rights have not been infringed by a trier of fact's determination." (*In re George T.* (2004) 33 Cal.4th 620, 632.) This principle has general application and is not limited to a specific type of charge, such as criminal threats. (*Id.* at pp. 633-634.)

5

Even though the Minor essentially forfeited his claim by failing to raise it in the juvenile court, this First Amendment claim may nevertheless be addressed on its merits. The Minor mainly contends his speech was communicative and thus, his conviction under section 415, subdivision (2) violates his First Amendment rights. Section 415, subdivision (2) makes it a crime for any person to "maliciously and willfully disturb[] another person by loud and unreasonable noise." Loud "noise," under the statute, encompasses communications made in a loud manner (1) where there is a clear and present danger of imminent violence and (2) where the purported communication is used as a guise to disrupt lawful endeavors. (*In re Brown*, *supra*, 9 Cal.3d at p. 621.)

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." The Supreme Court has recognized, "the protections afforded by the First Amendment, however, are not absolute, and . . . the government may regulate certain categories of expression consistent with the Constitution." (*Virginia v. Black* (2003) 538 U.S. 343, 358.) Words may be restricted under the First Amendment where they are " ' "of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." ' " (*Id.* at pp. 358-359, citing *R.A.V. v. City of St. Paul* (1992) 505 U.S. 377, 382-383.) The California Supreme Court has likewise recognized there is a fundamental difference between loud communications, or the use of loud shouting, uttered not to inform or persuade, but to disrupt lawful endeavors. (*In re Brown*, *supra*, 9 Cal.3d at p. 621.) Loud shouting designed to disrupt rather than communicate may be prohibited generally. (*Ibid.*)

6

## B.  Analysis

Using an independent review of the juvenile court's findings (*In re George T.*, *supra*, 33 Cal.4th at p. 632), we conclude the evidence supports the conclusion that section 415, subdivision (2) was violated.  The Minor's speech presented a clear and present danger of imminent violence and was designed to disrupt a lawful endeavor.  The record establishes Lara was reasonably attempting to stop the Minor from escaping after he was accused of committing a theft.  Lara became frightened by the Minor's shouting and obscene language, and she backed away from the Minor when he began threatening her.  When Lara tried to apprehend the Minor, he told her to "get back, you better get back."  Additionally, the Minor was seen swinging his fist at Lara as he was yelling profanities at her and calling her a "bitch."  The Minor's call to an unknown individual, stating that "someone needs to get this lady," provides further evidence from which a reasonable trier of fact could have inferred his speech presented a clear and present danger of imminent violence, and the court impliedly made such findings.

On this record, the Minor cannot establish his speech was within the protected range of the First Amendment.  The loud shouting of obscenities and threats was disruptive, rather than communicative in nature.  If the Minor had intended only to communicate his desire to be left alone, he could have done so in a different tone of voice more appropriate to the scene on a street by a swimming pool in the afternoon.  The only evidence of the Minor calling for help or feeling threatened was his statement to an unknown individual on his own cell phone that someone needed to "get this lady."  Lara's, Jeffrey's, and Freeman's testimony established the Minor's tone was loud, angry,

7

aggressive, and disruptive.  The facts established by the evidence demonstrate that the Minor intended to and did create a disturbance by making loud noises, shouting obscenities, and making threats, and that the purported communication was used as a guise to that end.  No basis for reversal of the count 3 portion of the judgment has been shown.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.


8