Filed 6/26/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re FERNANDO C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FERNANDO C., <br><br> Defendant and Appellant. | A139743 <br><br> (Mendocino County Super. Ct. No. SCUKJDSQ 13-1670101) |

Fernando C. (appellant) was declared a ward of the juvenile court under Welfare and Institutions Code section 602 based on a finding he had fought in a public place under Penal Code section 415, subdivision (1).[1]  He contends the judgment must be reversed because the wardship petition did not allege a violation of section 415 and section 415 is not a lesser included offense of the crime that was alleged, fighting on school grounds under section 415.5, subdivision (a)(1).  Appellant additionally argues the adjudication based on section 415 must be reversed because section 415.5 is a special statute that preempts section 415, at least with respect to fighting by a student on school grounds.  We agree and reverse.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

FACTS AND PROCEDURAL HISTORY

Fifteen-year-old appellant attended high school and had been "having some trouble" with another student. On the last day of classes before a holiday break, the two engaged in a fistfight behind an equipment shed near the school's football practice fields. When interviewed by a police officer assigned to the school district, appellant admitted exchanging punches with the other boy.

The Mendocino County District Attorney filed a delinquency petition under Welfare and Institutions Code section 602, subdivision (a), alleging appellant had fought on school grounds in violation of section 415.5, subdivision (a)(1). The juvenile court granted appellant's request to be placed on informal probation under Welfare and Institutions Code section 654.2, but reinstated the delinquency petition after he tested positive for marijuana and methamphetamine.

At the contested jurisdictional hearing, the court indicated the offense of fighting on school grounds under section 415.5 did not apply to a student enrolled at the school (see § 415.5, subd. (f)), and asked the parties to provide supplemental briefing as to whether it could sustain the petition based on a finding of fighting in a public place under section 415, subdivision (1) as a lesser included offense. After considering those briefs, the court concluded fighting in a public place was a lesser included offense of fighting on school grounds, and sustained the petition on that basis. Appellant was placed on probation subject to various terms and conditions.

DISCUSSION

Due process of law requires that an accused be advised of the charges against him; accordingly, a court lacks jurisdiction to convict a defendant of an offense that is neither charged in the accusatory pleading nor necessarily included in the crime alleged. (*People v. Lohbauer* (1981) 29 Cal.3d 364, 369.) The same rule applies to juvenile proceedings. (*In re Alberto S.* (1991) 226 Cal.App.3d 1459, 1464.) Appellant argues the juvenile court should not have declared him a ward based on fighting in public under section 415,

2

subdivision (1), because that offense was neither charged in the petition nor a lesser included offense of fighting on school grounds.

Two tests are used to determine whether an offense is necessarily included within another: the "elements" test and the "accusatory pleading" test. (*People v. Lopez* (1998) 19 Cal.4th 282, 288.) The elements test asks whether all the statutory elements of the lesser offense are included in the elements of the greater offense. (*Ibid.*) "Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." (*Ibid.*) Under the accusatory pleading test, a lesser offense is included within a greater " ' "if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." [Citation.] ' " (*Id.* at pp. 288-289.)[2]

Section 415.5, the violation of which was alleged in the wardship petition, provides: "(a) Any person who (1) unlawfully fights within any building or upon the grounds of any school, community college, university, or state university or challenges another person within any building or upon the grounds to fight, or (2) maliciously and willfully disturbs another person within any of these buildings or upon the grounds by loud and unreasonable noise, or (3) uses offensive words within any of these buildings or upon the grounds which are inherently likely to provoke an immediate violent reaction is guilty of a misdemeanor punishable by a fine not exceeding four hundred dollars ($400) or by imprisonment in the county jail for a period of not more than 90 days, or both. [¶] . . . [¶] . . . [¶] (e) As used in this section 'state university,' 'university,' 'community college,' and 'school' have the same meaning as these terms are given in Section 626. [¶] (f) This section shall not apply to any person who is a registered student of the school, or to any person who is engaged in any otherwise lawful employee concerted activity."

_____

[2] In this case both tests would yield the same result, as the delinquency petition tracked the statutory language of section 415.5, subdivision (a)(1).

Section 626, subdivision (a)(4) defines a "school" to include a public or private elementary school, junior high school, four-year high school or senior high school.

Under section 415, the statute appellant was adjudged to have violated as a lesser included offense, "[a]ny of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars ($400), or both such imprisonment and fine: [¶] (1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight. [¶] (2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise. [¶] (3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction."

Sections 415.5 and 415 contain parallel provisions concerning breaches of the peace and punish, among other things, unlawful fighting. The difference is the location in which the fight or other breach of the peace takes place. Section 415.5, subdivision (a)(1) applies when the defendant unlawfully fights "within any building or upon the grounds of any school," while section 415, subdivision (1) requires the fight to occur in a "public place." Appellant did not violate section 415.5, as alleged in the petition, because subdivision (f) of that statute makes it inapplicable to a registered student of the school. He was found instead to have fought in a public place under section 415, but this adjudication can be upheld only if fighting in a public place under section 415, subdivision (1) is necessarily included within the charged offense of fighting on school grounds under section 415.5, subdivision (a)(1). This requires us to answer the more fundamental question of whether a violation of section 415, subdivision (1) applies when a student engages in an unlawful fight on school grounds.[3]

Section 415 does not define what is meant by a public place, and that term "is not used in the Penal Code with a clear and uniform legislative meaning." (*In re Danny H.*

---

[3] In addition to the due process/notice issue that would arise from an adjudication of a crime not necessarily included within the charged offense, the adjudication under section 415, subdivision (1) would be unsupported by substantial evidence if a school is not a "public place" as required for a violation under that statute.

4

(2002) 104 Cal.App.4th 92, 100 (*Danny H.*).) "The meaning of the phrase 'public place' . . . is ambiguous . . . and the phrase, as a matter of common parlance, bears multiple meanings. The word 'public,' as an adjective, includes such meanings as 'of or relating to a government,' 'of, relating to, or being in the service of the community or nation,' 'of or relating to people in general,' 'general, popular,' 'of or relating to business or community interests as opposed to private affairs,' 'accessible to or shared by all members of the community,' and 'exposed to general view: open.' " (*Id.* at p. 97.)

Appellant argues a school is not a public place because the public's access to it is restricted. (§ 627.2 ["No outsider shall enter or remain on school grounds during school hours without having registered with the principal or designee"], § 627.4 [principal may refuse entry to outsider or revoke outsider's permission to be there], § 626.8, subd. (a) [person entering school property must have "lawful business" to conduct].) The People respond that despite these restrictions, a school is a "public place" as defined in Black's Law Dictionary: " 'A place to which the general public has a right to resort; not necessarily a place devoted solely to uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public. . . . Also, a place in which the community has an interest as affecting the safety, health, morals, and welfare of the community. . . .' (Black's Law Dictionary (West rev. 4th ed. [1968]) p. 1394.)"

Viewed in the abstract, a school has both public and nonpublic aspects. It is not open to all who wish to enter, as is a public square or park. That said, it is not a private place, but is populated by students, teachers and other employees, and may be visited by outsiders having legitimate business on the grounds. When the language of a statute is susceptible of more than one reasonable interpretation, we look " ' "to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy . . . and the statutory scheme of which the statute is a part." ' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.)

Section 415.5 was enacted in 1969 and originally applied to public disturbances on college and university campuses. (§ 415.5, added by Stats. 1969, ch. 1424, § 1, eff.

5

Sept. 4, 1969, as amended by Stats. 1970, ch. 102, § 566, p. 316; Stats. 1974, ch. 1263, § 2, p. 2742; Stats. 1976, ch. 298, § 2, p. 606.) In 1980, the Legislature passed Assembly Bill No. 3092, which added "school" to the list of places covered by the statute (defined by reference to section 626 to include elementary, junior high, four-year high, and senior high schools) and specifically exempted from the misdemeanor provisions any registered student of such school. (Stats. 1980, ch. 684, § 1, p. 2073.) A report by the Senate Committee on the Judiciary explained, "The purpose of the bill is to provide school administrators with another option for removing disruptive intruders from school premises." (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 3092 (1979-1980 Reg. Sess.) as amended Apr. 16, 1980, pp. 1-2.)

The exemption of students from section 415.5 signals a legislative intent that student fights on school grounds should be the subject of discipline by school authorities rather than prosecution under the juvenile justice system. In our view, it would make little sense for the Legislature to have included this exemption for registered students if it intended such students to be prosecuted for fighting in a public place under the parallel provision of section 415, subdivision (1). A fight between students on school grounds is not a fight within a public place under section 415, subdivision (1).

A different result is not required by *In re Miguel H.* (2010) 180 Cal.App.4th 1429, 1433 (*Miguel H.*). There, a juvenile defendant who had been discovered with a can of spray paint at his school challenged a finding he had violated section 594.1, subdivision (e)(1), which makes it unlawful for a person under 18 years to possess etching cream or an aerosol can of paint for the purpose of defacing property "while on any public highway, street, alley, or way, or other public place." The defendant argued a school was not a "public place" within the meaning of section 594.1, noting it was not open to common or general use, and was not " 'readily accessible to all those who wish to go there.' " (*Id.* at p. 1436.) The appellate court disagreed, noting the goal of statutory interpretation was "to give effect to the intent of the Legislature" with the main focus being "how best to protect those whom the statutes are intended to protect." (*Ibid.*) Section 594.1 was designed to prevent the serious problem of graffiti, and "the public has

6

an interest in keeping schools free of graffiti, whether or not members of the public have unlimited access to public school campuses." (*Id*. at p. 1434; see *Danny H.*, *supra*, 104 Cal.App.4th at pp. 104-105 [§ 594.1 applied to a minor in possession of an aerosol paint can next to a railway trestle that was "unenclosed, visible to the public, and exposed to general view," though no evidence was presented to show who owned the property]; *People v. Jimenez* (1995) 33 Cal.App.4th 54, 58-59 [given statutory purpose of shielding students from drug dealers, enhancement for drug offenses occurring in a "public area" within 1,000 feet of a school included private property such as a driveway that was readily accessible to the public].)

The opinion in *Miguel H.* does not stand for the proposition a school is a public place for all purposes. Rather, the court concluded, "The legislative goal of eliminating graffiti and vandalism from publicly and privately owned property is furthered by the conclusion the public schools are public places for purposes of section 594.1, and we so hold." (*Miguel H.*, *supra*, 180 Cal.App.4th at p. 1436.) Section 594.1 does not have a parallel statute such as section 415.5 specifically exempting students from punishment for the conduct described.

The People argue it would be absurd to conclude section 415.5 is the only statute under which a fight on school grounds may be prosecuted because "[t]o do so would leave possible administrative punishments as the sole remedy to sanction and deter further fighting between students" and "would leave the state powerless to intervene to protect other members of the community, especially the school community." There is nothing absurd about a legislative decision to leave to school authorities the discipline of "behaviors such as schoolyard scuffles, shoving matches, and verbal altercations" by students in their charge. (Thurau & Wald, *Controlling Partners: When Law Enforcement Meets Discipline in Public Schools* (2009/2010) 54 N.Y.L. Sch. L.Rev. 977, 978.)[4] Section 415, subdivision (1) and section 415.5, subdivision (a)(1) target the relatively minor offense of unlawful fighting and define that conduct as a misdemeanor.

---

[4] Appellant was expelled from school as a result of the fight.

Other statutes are available to prosecute cases involving more serious assaultive conduct by a student on school grounds. (E.g., § 240 [assault]; § 241.2 [assault on person on school property], § 241.4 [assault on school district peace officer], § 241.6 [assault on school employee], §§ 242 & 243 [battery and punishment for battery]; § 243.2 [battery on person on school property]; § 243.6 [battery against school employee].)

Even if we were to construe "public place" as used in section 415, subdivision (1) to apply to schools, the prosecution of a student under that provision would be barred by the rule regarding special and general statutes, which derives from the decision in *In re Williamson* (1954) 43 Cal.2d 651, 654 (*Williamson*). Under the *Williamson* rule, "if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute. In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute. . . . 'The doctrine that a special statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and "requires us to give effect to the special provision alone in the face of the dual applicability of the general provision . . . and the special provision . . . ." ' " (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*).)

"Absent some indication of legislative intent to the contrary, the *Williamson* rule applies when (1) 'each element of the general statute corresponds to an element on the face of the special statute' or (2) when 'it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.' " (*Murphy*, *supra*, 52 Cal.4th at p. 86.) Although the *Williamson* rule is generally applied in situations in which the special statute provides for a lesser penalty, it also applies when some other aspect of the general statute is more onerous than the special statute. (*Gasaway v. Superior Court* (1977) 70 Cal.App.3d 545, 550 [difference

8

in statute of limitations rendered general statute more onerous than special statute]; see *Bradwell v. Superior Court* (2007) 156 Cal.App.4th 265, 271.)

If fighting in a public place under section 415, subdivision (1) were construed to include fights occurring on school grounds, that general statute would correspond to the elements of the special statute of fighting on school grounds under section 415.5, subdivision (a)(1) and would commonly result in a violation of section 415, subdivision (1). This triggers the *Williamson* rule absent an indication of legislative intent to the contrary. (*Murphy*, *supra*, 52 Cal.4th at p. 86.) Section 415, subdivision (1) is more onerous than section 415.5, subdivision (a)(1) because it does not exempt students such as appellant from its provisions. (See § 415.5, subd. (f).) Under *Williamson*, appellant could not be prosecuted under section 415, subdivision (1).

## DISPOSITION

The judgment is reversed and the Welfare and Institutions Code section 602 petition is dismissed.

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
SIMONS, J.

Mendocino County Superior Court, No. SCUKJDSQ 13-1670101, David E. Nelson, Judge.

Jonathan Soglin and L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Eric D. Share and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.