Filed 1/21/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>A.L.,<br><br>     Defendant and Appellant. | A141067<br><br>(Contra Costa County<br>Super. Ct. No. J1301298) |

A.L., a minor, appeals from an order of wardship entered pursuant to Welfare and Institutions Code section 602 following the juvenile court's finding that he committed felony second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)) with an enhancement for being armed with a firearm in the commission of a felony (Pen. Code, § 12022, subd. (a)(1) ).[1] A.L.'s sole contention on appeal is that the juvenile court violated his due process rights by allowing the prosecution to amend his delinquency petition during closing arguments to allege an arming enhancement under subdivision (a) of section 12022 (the section 12022(a) enhancement) rather than the personal-use-of-a-deadly-weapon enhancement that was originally charged pursuant to subdivision (b) of section 12022 (the section 12022(b) enhancement). Finding no abuse of discretion in the juvenile court's decision to permit the amendment, we affirm.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

# I.  BACKGROUND

On December 3, 2013, the Contra Costa County District Attorney's office filed a delinquency petition alleging that A.L. committed  felony second degree robbery on or about November 30, 2013.  The petition also alleged that, in the commission of that offense, A.L. personally used a handgun, a deadly and dangerous weapon, within the meaning of the section 12022(b) enhancement.  (§ 12022, subd. (b)(1).)  The accusations stemmed from an incident involving A.L. and another minor.  Specifically, on the date in question, A.L. arranged to purchase a pair of shoes from 17-year-old Christian L.  After he and the other minor met Christian on the sidewalk near Christian's home, A.L. paid the teenager $100 for the pair of shoes and indicated that he would return later to purchase another pair that Christian was also offering for sale.  Later that evening, A.L. and the second minor again met with Christian.  This time, however, as A.L. bent down to try on the second pair of shoes, the other minor pulled out a gun and held it to Christian's chest, saying:  "Give m[e] everything."  A.L. took the shoes, the second minor obtained a cell phone from Christian, and both boys ran off.

The juvenile court held a  contested jurisdictional hearing on January 9, 2014.  At the hearing, the testimony focused on the sequence of events during the robbery and on A.L.'s relative culpability for the offense.  During closing argument, the juvenile court noted that it "didn't think there was any evidence" of the section 12022(b) enhancement, which requires personal use of a deadly or dangerous weapon.  (§ 12022, subd. (b).)  The prosecutor indicated that A.L. had been mistakenly charged with the section 12022(b) enhancement and should have been charged instead with the section 12022(a) enhancement, which allows for vicarious liability when another principal is armed with a firearm.  (§ 12022, subd. (a)(1).)  She therefore moved to amend the petition to conform to proof by substituting the section 12022(a) enhancement for the 12022(b) enhancement.  A.L.'s attorney objected to the amendment, arguing that she had presented her case with the understanding that the section 12022(b) enhancement (which the prosecution had failed to prove) was the only enhancement at issue.  The juvenile court judge, however, concluded that A.L. would not be unfairly surprised or prejudiced by the change in the

charging allegations and therefore permitted the amendment.  Thereafter, the court sustained the second degree robbery allegation and found true the section 12022(a) enhancement.

At the dispositional hearing on January 28, 2014, the juvenile court adjudged A.L. a ward of the juvenile court with a maximum period of confinement of six years, including one year for the section 12022(a) enhancement.  The court then committed A.L. to the Orin Allen Youth Rehabilitation Facility for a period of nine months, ordered an additional 90-day conditional release/parole period, and gave A.L. pre-dispositional custody credits for 59 days.  Thereafter, a timely notice of appeal brought the matter before this court.

## II. AMENDMENT OF THE CHARGES

As both parties recognize, due process requires that juveniles, like their adult counterparts, have adequate notice of the charges against them so that they may prepare an intelligent defense.  (*In re Robert G.* (1982) 31 Cal.3d 437, 442 (*Robert G.*), quoting *In re Gault* (1967) 387 U.S. 1, 33; see also *Cole v. Arkansas* (1948) 333 U.S. 196, 201 ["[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused"].)  Acknowledging this due process right, both parties also agree that any amendment of the charging allegations in a delinquency petition is strictly limited once a minor has entered a plea of not guilty. In particular, absent the minor's consent, amendment during a contested hearing is only appropriate if an offense is " 'necessarily included' " in the offense actually charged or is " 'a lesser offense which, although not necessarily included in the statutory definition of the offense, is *expressly pleaded* in the charging allegations.' "  (*Robert G.*, *supra*, 31 Cal.3d at pp. 442-443; *People v. Lohbauer* (1981) 29 Cal.3d 364, 368-369 (*Lohbauer*); see also § 1159.)  Although the weapons enhancements involved in this case are not technically "offenses," the same rules apply to enhancement allegations.  (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1438; *People v. Allen* (1985) 165 Cal.App.3d 616, 627 (*Allen*) [noting that, although the weapon enhancement provisions at issue were not

strictly " 'crimes' " or " 'offenses,' " there was "no reason why the same rationale should not apply to them"].)

The gravamen of the parties' dispute in this case involves whether the section 12022(a) enhancement found true by the juvenile court is a lesser included offense of the 12022(b) enhancement that was actually charged in the petition. The section 12022(b) enhancement provides in relevant part that "[a] person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, unless use of a deadly or dangerous weapon is an element of that offense." (§ 12022, subd.(b)(1).) The section 12022(a) enhancement, in contrast, declares as follows: "[A] person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment pursuant to subdivision (h) of Section 1170 for one year, unless the arming is an element of that offense. This additional term shall apply to a person who is a principal in the commission of a felony or attempted felony if one or more of the principals is armed with a firearm, whether or not the person is personally armed with a firearm." (§ 12022, subd.(a)(1).)

A.L. argues that the 12022(a) enhancement is not a lesser included offense of the 12022(b) enhancement because the two have differing elements and the charging language in the petition failed to describe the 12022(b) enhancement in such a way as to necessarily include the 12022(a) enhancement. The People disagree, relying largely on *Allen, supra,* 165 Cal.App.3d 616 and *People v. Dixon* (2007) 153 Cal.App.4th 985 (*Dixon*). We review the juvenile court's decision in this regard for abuse of discretion. (See *In re Johnny R.* (1995) 33 Cal.App.4th 1579, 1584-1585; *In re Man J.* (1983) 149 Cal.App.3d 475, 481.)

In *Allen*, *supra*, 165 Cal.App.3d 616, two codefendants in an execution-style murder case were charged with personally using a firearm in the commission of a felony

4

within the meaning of section 12022.5.[2] (*Allen*, *supra*, 165 Cal.App.3d at pp. 620-622, 626.) Because only one gun was used and there were no witnesses, the evidence was inconclusive as to which of the two perpetrators had actually fired the murder weapon. (*Id.* at pp. 621, 625-626.) Nevertheless, the jury found that both defendants had personally used a firearm during the murder. (*Id.* at p. 621.) On appeal, the *Allen* court concluded that the evidence was insufficient to prove that either defendant had personally used a firearm in violation of section 12022.5.[3] However, the appellate court did find that the evidence clearly established that both defendants "were participants in a murder in which a principal was armed with a firearm" as contemplated by the section 12022(a) enhancement. (*Allen*, *supra*, 165 Cal.App.3d at pp. 626-627.) Because "[e]very gun use within the meaning of section 12022.5 necessarily includes a violation of section 12022, subd. (a)," the appellate court reduced the section 12022.5 finding for each defendant to the "lesser included" violation of the section 12022(a) enhancement. (*Allen*, *supra*, 165 Cal.App.3d at p. 627.)

Similarly, in *Dixon*, *supra*, 153 Cal.App.4th 985, the defendant (Dixon) and a friend used pellet or BB guns to rob a bank. (*Dixon*, *supra*, 153 Cal.App.4th at pp. 988-989.) Dixon was charged with second degree robbery (§§ 211, 212.5, subd. (c)) and personal use of a firearm within the meaning of section 12022.53, subdivision (b).[4]

---

[2] This section provides (analogously to the section 12022(b) enhancement) that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." (§ 12022.5, subd. (a).)

[3] Although the *Allen* court's reasoning with respect to the sufficiency of the evidence under section 12022.5 may no longer be valid in light of *People v. Walker* (1988) 47 Cal.3d 605, 634-635, this fact does not invalidate the court's analysis of the lesser included offense issue. (See *People v. Berry* (1993) 17 Cal.App.4th 332, 338-339; see also *Ballard v. Estelle* (9th Cir. 1991) 937 F.2d 453, 457-458.)

[4] Section 12022.53, subdivision (b) provides (analogously to the section 12022(b) enhancement) that "any person who, in the commission of a felony specified in subdivision (a) [including robbery under section 211], personally uses a firearm, shall be

5

(*Dixon*, *supra*, 153 Cal.App.4th at p. 988.)  However, after a court trial, the trial judge found that Dixon had personally used a deadly weapon in violation of the section 12022(b) enhancement, rather than a firearm as set forth in the charged enhancement. (*Dixon*, *supra*, 153 Cal.App.4th at p. 988.)  On appeal, Dixon argued that he had not received adequate notice that he was being charged with the section 12022(b) enhancement.  (*Dixon*, *supra*, 153 Cal.App.4th at p. 1001.)  The *Dixon* court disagreed. Noting that a BB or pellet gun is not a "firearm," but is a "dangerous weapon," the *Dixon* court concluded that the section 12022(b) enhancement is a lesser-included offense of the section 12022.53 firearm enhancement.  (*Dixon*, *supra*, 153 Cal.App.4th at pp. 1001-1002.)  Specifically, the appellate court opined:  " 'It is of no consequence that the evidence at trial might also establish guilt of another and lesser crime than that charged. To constitute a lesser and necessarily included offense it must be of such a nature that as a matter of law and *considered in the abstract* the greater crime cannot be committed without necessarily committing the other offense.  [Citations.]' " (*Id.* at p. 1002.)  Since "[o]ne cannot commit an offense by personally using a firearm and not at the same time commit an offense by personally using a deadly weapon," Dixon was "adequately apprised" of the section 12022(b) enhancement, and thus there was "no lack of notice or due process violation." (*Dixon*, *supra*, 153 Cal.App.4th at p. 1002.)

While both *Allen* and *Dixon* are instructive, neither are dispositive with respect to the issue before us.  For instance, although *Allen* holds that the section 12022(a) enhancement is a lesser included offense of section 12022.5, both enhancements in that case related to firearms, whereas these proceedings involve a deadly or dangerous weapons enhancement and a firearms enhancement.  (§§ 12022, subds. (a) & (b), 12022.5, subd. (a).)  Further, while *Dixon* does consider both a deadly or dangerous weapons enhancement and a firearms enhancement, both enhancements in that case involved personal use, while at issue here are a personal use enhancement and an arming enhancement.  (§§ 12022, subds. (a) & (b), 12022.53, subds. (a)(4) & (b).)  Since neither

punished by an additional and consecutive term of imprisonment in the state prison for 10 years.  The firearm need not be operable or loaded for this enhancement to apply."

case directly addresses the question of whether the section 12022(a) enhancement is a lesser included offense of the section 12022(b) enhancement, we conduct our own analysis of the matter.

In doing so, we note first that our colleagues in Division Five recently reiterated the appropriate framework for analyzing whether a lesser offense is included within a charged offense, stating: "Two tests are used to determine whether an offense is necessarily included within another: the 'elements' test and the 'accusatory pleading' test. (*People v. Lopez* (1998) 19 Cal.4th 282, 288.) The elements test asks whether all the statutory elements of the lesser offense are included in the elements of the greater offense. (*Ibid*.) 'Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' (*Ibid*.) Under the accusatory pleading test, a lesser offense is included within a greater ' " 'if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' [Citation.]" ' (*Id.* at pp. 288–289.)" (*In re Fernando C.* (2014) 227 Cal.App.4th 499, 503 (*Fernando C.*); see also *People v. Ramirez* (2009) 45 Cal.4th 980, 984-985 [stating that " '[c]ourts should consider [both] the statutory elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an *uncharged* crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple *charged* crimes' "].)

We agree with A.L. that, under the "elements" test as described above, the section 12022(a) enhancement is not a lesser included offense of the section 12022(b) enhancement. Clearly, a deadly or dangerous weapon can be many things other than a firearm. (See, e.g., *People v. Russell* (2005) 129 Cal.App.4th 776, 781-786 [automobile as deadly weapon]; *People v. Page* (2004) 123 Cal.App.4th 1466, 1470-1472 [sharp pencil]; *People v. Montes* (1999) 74 Cal.App.4th 1050, 1053-1054 [thick chain].) Thus, it is entirely possible that an individual could be found to have personally used a deadly or dangerous weapon in the commission of a felony without also necessarily being found to have been armed with a firearm during the course of that felony. (See *Fernando C.*,

7

*supra*, 227 Cal.App.4th at p. 503; compare *People v. Moon* (2005) 37 Cal.4th 1, 25-26 (*Moon*) [under elements test, joyriding pursuant to former section 499b not lesser included offense of driving/taking vehicle under Vehicle Code section 10851 because " 'one could conceivably "take" a vehicle in violation of section 10851 without the purpose of using or operating it in violation of section 499b' "]; *Lopez, supra,* 19 Cal.4th at pp. 288-291 [elements test not satisfied where subdivision (a) of section 288 includes any type of touching with lewd intent and section 647.6 requires an objectively disturbing act prompted by abnormal sexual interest in children; innocuous touching in violation of section 288 would not necessarily also violate section 647.6 if it was not objectively disturbing].)

A.L., however, is on much shakier ground when arguing that the current situation also fails to meet the "accusatory pleading test." As stated above, under that test, a lesser offense is included within a greater one if the accusatory pleading includes charging language which describes the lesser offense " ' " 'in such a way that *if committed as specified* the lesser offense is necessarily committed.' " ' " (See *Fernando C.*, *supra*, 227 Cal.App.4th at p. 503, italics added.) Here, the accusatory pleading, A.L.'s delinquency petition, states as follows with respect to the weapons enhancement: "It is further alleged, pursuant to Penal Code section 12022(b)(1), that in the commission and attempted commission of the above offense [felony second degree robbery] the Minor, [A.L.], personally used a Handgun, a deadly and dangerous weapon." A handgun is essentially a firearm which is capable of being concealed upon the person. (See §§ 12001, 16520, 16530, 16640.) Thus, if A.L. had committed the section 12022(b) enhancement as specified in the petition (personally using a handgun in the commission of a felony) he would also necessarily have committed the section 12022(a) enhancement (being armed with a firearm in the commission of a felony) because he would have been a principal in the commission of a felony that was armed with a firearm. (§§ 12022, subds. (a) & (b); compare *Moon*, *supra*, 37 Cal.4th at pp. 25-26 [under accusatory pleading test, complaint which charged the defendant with driving and taking the victim's car pursuant to section 10851 of the Vehicle Code necessarily included a

joyriding violation pursuant to section 499b].)  Thus, under the present facts and the accusatory pleading test, the section 12022(a) enhancement is a lesser included offense of the charged section 12022(b) enhancement.[5]  This being the case, A.L. was adequately apprised that the prosecution was seeking to prove elements which would establish a section 12022(a) enhancement.  Thus, there was no lack of notice or due process violation, and the juvenile court did not abuse its discretion in permitting the late amendment of the delinquency petition.[6]  (Compare *Dixon*, *supra*, 153 Cal.App.4th at p. 1002.)

### III.  DISPOSITION

The judgment is affirmed.

_____
REARDON, J.

We concur:

_____
RUVOLO, P. J.

_____
RIVERA, J.

_____

[5] A.L.'s assertions to the contrary notwithstanding, this conclusion holds true no matter what evidence was or was not adduced at the hearing.  The test is an objective one asking only whether the charged enhancement, *if committed as specified*, would necessarily also have resulted in the commission of the lesser enhancement.  (See *Fernando C.*, *supra*, 227 Cal.App.4th at p. 503.)

[6] In deciding to permit amendment of the petition in this matter, the juvenile court erroneously focused on the possible prejudice or unfair surprise that the minor would suffer rather than on the lesser-included-offense analysis set forth herein.  (See *Lohbauer*, *supra*, 29 Cal.3d at pp. 369-370; *Robert G.*, *supra*, 31 Cal.3d at p. 444 [rejecting argument that amendment of a delinquency petition should be permitted absent a showing of prejudice].)  In this regard, we need only note the firmly established appellate tenet that we review the correctness of the challenged ruling, not the analysis used to reach it.  (*People v. Zapien* (1993) 4 Cal.4th 929; *In re Baraka H.* (1992) 6 Cal.App.4th 1039, 1045.)

| | |
|---|---|
| Trial Court: | Contra Costa County Superior Court |
| Trial Judge: | Hon. Lewis A. Davis |
| Counsel for Defendant and Appellant: | First District Appellate Project<br>Anne Mania |
| Counsel for Respondents: | Attorney General<br>Kamala D. Harris<br>Senior Assistant Attorney General<br>Gerald A. Engler<br>Supervising Deputy Attorney General<br>Laurence K. Sullivan<br>Supervising Deputy Attorney General<br>Eric D. Share |

*In re A.L.* A141067