Filed 8/20/15  P. v. Shamim CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MOHAMMED SHAMIM,<br><br>        Defendant and Appellant. | A140695<br><br>(San Mateo County<br>Super. Ct. No. SC079113) |

**I.**

**INTRODUCTION**

A jury found appellant Mohammed Shamim guilty of vehicular flight from police and of making a false crime report.  On appeal appellant challenges only his conviction for making a false crime report under Penal Code section 148.5, subdivision (a).  He contends that the statute violates his First Amendment rights, and that his conviction under the false crime report statute is preempted by a special statute in the Vehicle Code that penalizes filing a false report relating to the theft of a vehicle.  We conclude that appellant's First Amendment claim has been forfeited, and that his prosecution under the Penal Code for making a false report was not precluded by the Vehicle Code.  Accordingly, we affirm.

**II.**

**FACTUAL AND PROCEDURAL BACKGROUNDS**

The San Mateo District Attorney's Office filed a two-count complaint charging appellant with one felony count of driving in willful and wanton disregard of public

safety while fleeing from police in violation of Vehicle Code section 2800.2, and one misdemeanor count of making a false crime report to a peace officer in violation of Penal Code section 148.5, subdivision (a)(1). The complaint alleged three prior convictions and a prior prison term as enhancements. The case was tried to a jury which convicted appellant on both counts. The court found the priors to be true and sentenced appellant to four years in state prison on count one, and to time-served on count two.

At trial, the primary witness was South San Francisco Police Officer Henry Velez. Velez testified he was on duty driving a marked police car when he saw a white minivan without its headlights on make a wide left turn. As the car passed him, he saw the driver who he identified as a Black male wearing a black faded long-sleeved t-shirt. The driver appeared to have something on his head that he thought was a ball cap or a beanie. The van was swerving, running red lights, and increased its speed to 80 miles per hour in a 40-mile-per-hour zone. Officer Velez activated his lights and siren but the van did not pull over. The van merged onto the freeway and after continuing the chase for a period of time, the pursuit was called off to protect public safety.

A little more than a half hour later when Officer Velez was at the police station, he heard that an individual was at the front desk to report the white van had been stolen. He went to the desk to take the report and recognized appellant as the driver of the van from earlier in the evening. Officer Velez testified that he recognized appellant's face, his long-sleeved black shirt and he was wearing "traditional head wear for Muslims." Officer Velez took appellant to an interview room and read him his *Miranda*[1] rights. Appellant told Officer Velez he had been at the mosque between 5:00 p.m. and midnight and while he was there the white van had been stolen. Appellant was arrested for the vehicular pursuit.

After appellant was arrested, Officer Velez continued to look for the van for a week until he saw it parked outside of appellant's father's home.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

2

# III.

# DISCUSSION

## A.  Appellant's First Amendment Claim is Forfeited

Penal Code section 148.5, subdivision (a) states: "Every person who reports to any peace officer . . . , the Attorney General, or a deputy attorney general, or a district attorney, or a deputy district attorney that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor." (Pen. Code, § 148.5, subd. (a).)

Appellant argues for the first time on appeal that Penal Code section 148.5 violates the First Amendment of the federal Constitution because it restricts speech based on its content, namely speech that is false.  Respondent contends that appellant has forfeited this claim because he cannot raise the free speech claim for the first time on appeal.

" ' "[N]o procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 (*Sheena K.*), quoting *United States v. Olano* (1993) 507 U.S. 725, 731; *People v. Clayburg* (2012) 211 Cal.App.4th 86, 93 [rejecting First Amendment claim as forfeited where appellant did not raise it below].)  "Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.  [Citations.]" (*Sheena K.*, at p. 880.)  "Additionally, '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. . . .'" (*People v. McCullough* (2013) 56 Cal.4th 589, 593, quoting *People v. Vera* (1997) 15 Cal.4th 269, 276.)

Appellant argues in his reply brief that we should consider his First Amendment claim because it is a facial challenge to the validity of the statute, and therefore raises a purely legal issue.  We disagree that his claim raises only a pure question of law.  Even appellant's own argument makes a fact-based analysis, including the circumstances

3

surrounding appellant's statement and those facts relating to his knowledge that the statement to law enforcement was false.

Neither the jury nor the trial court was given the opportunity to address these contentions or to make these or other factual findings relating to the claim that the statute is unconstitutional. (*In re Curtis S.* (2013) 215 Cal.App.4th 758, 761-762 [rejecting claim raised for first time on appeal because it requires a fact-based analysis to determine whether the speech was predominantly communicative, or whether it presented a clear and present danger of imminent violence and was a guise for disruption].) Therefore, we conclude appellant's claim has been forfeited on appeal because he failed to raise it below.[2]

### B. Appellant's Prosecution Under the Penal Code Was Not Precluded by Vehicle Code Section 10501, subdivision (a)

Appellant alternatively contends that prosecution under Penal Code section 148.5 is preempted by a more specific statute in the Vehicle Code. Vehicle Code section 10501, subdivision (a) (section 10501(a)) states: "It is unlawful for any person to make or file a false or fraudulent report of theft of a vehicle required to be registered under this code with any law enforcement agency with intent to deceive." Appellant argues that because section 10501(a) is more specific than the broader prohibition in Penal Code section 148.5, the Legislature intended that prosecution for an alleged false report be under section 10501(a), and not under Penal Code section 148.5.

Appellant's challenge is based upon the rule derived from *In re Williamson* (1954) 43 Cal.2d 651, 654 (*Williamson*). "Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute. In effect, the special statute is interpreted as creating an exception to the general statute for conduct

---

[2] If not forfeited we would conclude that Penal Code section 148.5, either facially or as applied to appellant, was not an unconstitutional infringement on his First Amendment right of free speech. (*People v. Stanistreet* (2002) 29 Cal.4th 497, 510.) The United States Supreme Court decision in *United States v. Alvarez* (2012) ___ U.S. ___, 132 S.Ct. 2537, 183 L.Ed.2d 574 relied on by appellant, does not command otherwise.

that otherwise could be prosecuted under either statute. [Citation.]" (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*).) The rule is not mandated by statute or the constitution, but serves to carry out legislative intent when two statutes conflict. (*Ibid.*)

The *Williamson* rule applies when (1) "each element of the general statute corresponds to an element on the face of the special statute," or (2) when "it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute. [Citation.]" (*People v. Watson* (1981) 30 Cal.3d 290, 295–296.) In other words, the rule is triggered when a violation of the special statute would "inevitably constitute a violation of the general statute." (*Murphy*, *supra*, 52 Cal.4th at p. 86.) If, however, the more general statute contains an element not contained in the special statute, we do not assume the Legislature intended to preclude prosecution under the general statute. (*Id.* at p. 87.)

In *Murphy*, a deputy sheriff came to Murphy's house after discovering her car crashed into a hillside. Murphy told the deputy sheriff that her car had been stolen. (52 Cal.4th at p. 84.) Murphy was convicted of a felony violation of Penal Code section 115, subdivision (a), which prohibits knowingly offering a false or forged instrument to be filed, registered or recorded with a public office, because she completed a stolen vehicle report under penalty of perjury. (*Id.* at pp. 84, 88.) She argued that she should have been prosecuted under Vehicle Code section 10501, subdivision (a) for the misdemeanor of filing a false report of vehicle theft. (*Id.* at p. 84.) The court held that Penal Code section 115 is "more general" than Vehicle Code section 10501 because it applies to a broader range of documents and each element of section 10501 has a counterpart in Penal Code section 115. (*Id.* at p. 88.) The court concluded that the filing of a false vehicle theft report would commonly violate Penal Code section 115. (*Id.* at p. 94.)

Here, while there is an overlap between the conduct proscribed in the two sections, each element does not have a counterpart as in *Murphy*—failing the first prong of the *Williamson* test. First, section 10501(a) makes it a misdemeanor to file a fraudulent report to any law enforcement agency. Penal Code section 148.5 makes it a misdemeanor to report that a crime has been committed to specific law enforcement personnel: a peace

5

officer, district attorney, attorney general, or their deputies. The Vehicle Code section does not require contact with a peace officer, district attorney or attorney general as is mandated by the Penal Code. Making a report to "any law enforcement agency" could include agency administrators, clerks and other staff.

Also, the *Williamson* rule does not apply where there is "some indication of legislative intent to the contrary." (*Murphy*, *supra*, 52 Cal.4th at p. 86; *In re Fernando C.* (2014) 227 Cal.App.4th 499, 507.) Penal Code section 148.5 seeks specifically to avoid the burden on law enforcement officers and prosecutors in investigating false claims and the waste of law enforcement resources. (*People v. Lawson* (1979) 100 Cal.App.3d 60, 67 [the damage which section 148.5 seeks to avoid includes waste of law enforcement time and money].) "A common sense reading of [section 148.5] . . . suggests that the section is intended to deter false reports of crimes and the resulting inconvenience and danger to other members of the public . . . . [Citation.] This interpretation is supported by the fact Penal Code section 148.5 is one in a series of sections designed to prevent false reports to those responsible for police and fire protection and other emergency services. [Citations.]" (*Pena v. Municipal Court* (1979) 96 Cal.App.3d 77, 82.) Thus, the requirement that an individual have direct contact with a peace officer, district attorney, attorney general or their deputies serves a different legislative purpose than the Vehicle Code's prohibition of making false claims to "any law enforcement agency." (§ 10501(a).)

Furthermore, the Penal Code makes it a misdemeanor to file a report "knowing the report to be false" (Pen. Code, § 148.5, subd. (a)), whereas the Vehicle Code requires the false report be made "with intent to deceive" (§ 10501(a)). The scienter requirement in the Vehicle Code is more stringent than the Penal Code's requirement. (E.g., *People v. Booth* (1996) 48 Cal.App.4th 1247, 1253 ["[T]he element of 'specific intent to defraud' . . . is more rigorous than the concept of 'knowingly' and includes the latter." (Pen. Code, § 7 ["5. The word 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code. It does not require any knowledge of the unlawfulness of such act or omission.]; *People v. Lawson* (1979) 100

6

Cal.App.3d 60, 68 [Pen. Code, § 148.5 "prohibits only knowing falsehoods. This requirement of scienter protects witnesses who honestly misperceive facts."].)

Finally, unlike *Murphy*, appellant was not prosecuted under a general statute that imposed a more severe penalty or was more onerous than the special statute. (*In re Fernando C.*, *supra*, 227 Cal.App.4th at p. 507.) Both sections make the conduct at issue here a misdemeanor. We also agree with respondent that the *Williamson* rule does not apply where the general and special statutes are not in conflict. (*People v. Rader* (2014) 228 Cal.App.4th 184 (*Rader*).) "[T]he *Williamson* decision requires there be a conflict between the two provisions before the general and specific statutes jurisprudence can limit prosecutorial charging discretion." (*Id.* at p. 198; see also *People v. Artis* (1993) 20 Cal.App.4th 1024, 1027 [*Williamson* rule does not apply where "there are no conflicts between the elements to prove, or the punishment for" the general and special statutes].)

In *Rader*, the defendant paid for his meal at a restaurant with counterfeit bills. (228 Cal.App.4th at p. 186.) He was charged with petty theft under Penal Code section 484, but argued on appeal he should have been prosecuted under Penal Code section 537 for defrauding an innkeeper. (*Id.* at p. 192.) Both statutes permit conviction for defrauding a person for food and both have the same potential punishment. (*Id.* at p. 193.) "There is no conflict in the elements, punishment or statutes of limitations. Hence, as there is no conflict between the petty theft statute and section 537, subdivision (a), the *Williamson* rule is inapplicable. [Citations.]" (*Id.* at p. 199.) Therefore, even if we were to accept appellant's argument that the statutes do, in fact, cover the same conduct, a proposition we have rejected, under *Rader* that there is no conflict because they both relate to the same subject generally and both impose the same potential punishment.

Turning to the second test of the *Williamson* rule, we cannot conclude that a violation of section 10501(a) will necessarily or commonly result in a violation of Penal Code section 148.5. Here, in making a false report to Officer Velez, appellant's conduct went beyond that required for a violation of the Vehicle Code. Section 10501(a) is violated whenever a false claim concerning a vehicle subject to registration is reported to

7

a agency specified by the statute. Appellant reported to a peace officer that his father's car was stolen, causing the officer to waste time and law enforcement resources in investigating the report for a week. Appellant's apparent purpose in making the report was to deceive Officer Velez by deflecting suspicion from himself as having engaged in a high speed chase with police. That deception, which furthered his attempt to avoid responsibility for dangerous high speed evasion on public roads, is not required or common to a violation of the Vehicle Code. Therefore, while appellant's conduct here may have constituted a violation of the Vehicle Code, it also did more than that. (*People v. McCall* (2013) 214 Cal.App.4th 1006, 1016 ["Defendant may have committed a misdemeanor violation of the Midwifery Act by performing midwife services without the required supervision of a licensed midwife or a physician and surgeon. But she did a great deal more than that. Her conduct above and beyond the failure to secure supervision constituted, as the jury found, practicing medicine without certification, a felony violation of the general statute."].)

Therefore, for all of the foregoing reasons we conclude that section 10501(a) does not preclude appellant's prosecution for a misdemeanor violation of Penal Code section 148.5, subdivision (a).

## IV.

## DISPOSITION

The judgment is affirmed.

_____

RUVOLO, P. J.


We concur:


_____

RIVERA, J.


_____

STREETER, J.